**In re the MARRIAGE OF WOOD Upon the Petition of Mary Jane Wood Petitioner-Appellant, and Concerning Frank Otis Wood Respondent-Appellee.**

No. 2–67378.

Court of Appeals of Iowa.

Aug. 26, 1982.

J. Bryan Schulte and Bruce J. Schulte of Dailey, Ruther, Bauer, Schulte & Hahn, Burlington, for petitioner-appellant.

Thomas Hobart of Meardon, Sueppel, Downer & Hayes, Iowa City, for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON and JOHNSON, JJ.

OXBERGER, Chief Judge.

The trial court dissolved the parties' 30-year marriage. Mary Jane, the petitioner-appellant, appeals the economic provisions of the decree. We affirm and modify.

We accept the trial court's valuation of all assets of the parties. The parties acquired $442,144 in marital assets. During the marriage, Mary Jane received by gifts and inheritance $317,999. Frank acquired $40,625 through gifts and inheritances. The trial court, pursuant to Iowa Code § 598.21(2) (1981), awarded each party his or her inheritance and gifts. The trial court awarded Mary Jane $92,942, approximately 20 percent of the marital assets.

The trial court justified its award of 20 percent to Mary Jane as follows:

> It should also be noted, and the Court finds, that little if any of petitioner's earnings either in direct earnings or by virtue of interest or income on investments from gifts or inheritances was used to support petitioner, respondent or their children ... Note also that though petitioner desires to have one-half of what she consideres "joint property," the Court finds that due to the fact respondent supported petitioner and the children and petitioner was allowed to use her earnings, interest and dividends to accumulate assets of her own, she is not entitled to that great a share of "marital assets."

Both parties testified that Mary Jane's earnings from employment during the marriage were used for family expenses. It is, however, undisputed that neither her gifts and inheritances nor their interest earnings were used for family expenses during the marriage.

The issue thus presented is whether the party who receives personal gifts and inheritances during a marriage should be awarded a smaller proportion of marital assets than might otherwise have been the case when the proceeds of those gifts and inheritances are not expended for family needs during the marriage.

Frank seeks to justify the trial court's action on the ground that the parties could have accumulated more than the $442,144 they did acquire during the marriage, if

Mary Jane had used her gifts and inheritance for family expenses.

The legislature, in enacting the inheritance provision, clearly manifested its intention that the public policy of this state be that gifts and inherited property should not be considered a part of the marital assets. Frank's argument runs directly contrary to the clear intentions of the legislature.

Because of the close relationship between himself and his father-in-law, Frank contends that he ought to be entitled to a portion of Mary Jane's inheritance. In addition, he contends that it is unfair that Mary Jane was able to set aside inherited or gifted property for her exclusive enjoyment. These arguments are reminiscent of factors enumerated in *In re Marriage of Thomas,* 319 N.W.2d 209, 211 (Iowa 1982), as exceptions to the inheritance provision:

(1) contributions of the parties toward the property, its care, preservation or improvement;

(2) the existence of any independent close relationship between the donor or testator and the spouse of the one to whom the property was given or devised;

(3) separate contributions by the parties to their economic welfare to whatever extent those contributions preserve the property for either of them;

(4) any special needs of either party;

(5) any other matter which would render it plainly unfair to a spouse or child to have the property set aside for the exclusive enjoyment of the donee or devisee.

Although Frank's arguments are based upon principles similar to those upon which paragraphs 2 and 5 of *Thomas, supra,* are premised, the record reveals no special circumstances that make it unfair to award Mary Jane her gifts and inheritance. There is no showing that the family lived under substandard conditions because of her failure to use funds for the family's needs. The fact is that the parties were able to accumulate $442,144 in marital assets. Nor is there any showing that special opportunities to improve their financial status were missed because Mary Jane failed to invest in any particular project.

The intention of the legislature cannot be defeated by awarding to a party who has had the good fortune to receive a large gift or inheritance a smaller proportion of the marital assets than he or she would otherwise have received.

On these grounds, we conclude in our de novo review of the property division that Mary Jane should receive $200,000 of the marital assets.

The matter is therefore remanded for entrance of a modification pursuant to this opinion. In all other respects, the decree of the trial court is affirmed.

AFFIRMED, MODIFIED, AND REMANDED.

All Judges concur except DONIELSON, J., who dissents.

DONIELSON, Judge (dissenting).

I dissent.

I agree with the majority opinion in that, under Iowa law, the parties should receive their respective inherited or gifted properties. While I might also agree that the award to Mary Jane should be increased, I do not believe it should be increased to the full $200,000 figure set by this court.

When making a distribution of marital assets, we are to determine what is equitable under the circumstances. *In re Marriage of Callenius,* 309 N.W.2d 510, 514 (Iowa 1981). We must, therefore, consider as one factor in this determination, the personal assets of the parties and how these personal assets were utilized during the marriage. The trial court found that Mary Jane's personal assets derived from her gifts and inheritances were not used for family purposes. The court further found that the *earnings, dividends and interest* derived from these assets were used only to increase the value of the inheritances and gifts themselves. Moreover, with the exception of one year, the additional income taxes generated by the investments from

her inheritances and gifts were paid from Frank's earnings.

It would be unreasonable and inequitable to disregard, as one of the factors to be considered, that Mary Jane received $317,-999 and Frank $40,625 in gifts and inheritances. The trial court was correct to analyze these factors in making its distribution. Under these circumstances, and in light of the financial conditions of the parties, I consider an award of $200,000 to Mary Jane to be unreasonable. For this reason, I dissent.