**In re the MARRIAGE OF Maryetta MENTEL and David L. Mentel.**

**Upon The Petition Of Maryetta Mentel, Petitioner-Appellee,**

**And Concerning David L. Mentel, Respondent-Appellant.**

**No. 83–1217.**

Court of Appeals of Iowa.

Oct. 23, 1984.

Samuel Beatty of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for respondent-appellant.

David D. Dunakey of Dunakey & Klatt, Waterloo, for petitioner-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Maryetta and David were married in 1955. At the time of marriage Maryetta was 18 and held a high school diploma. Nine children were born to the marriage.

Michael, born August 10, 1966; Mary, born November 23, 1967; and Ronald, born April 13, 1969, were not emancipated at the time of the dissolution.

Maryetta has worked the last 7 years of the marriage driving a school bus. She stayed home and cared for the children following marriage. The record does not reflect that she has other employment skills.

David held various jobs early in the marriage and in 1977 he became employed full time with J.C. Feed Mills, a closely-held corporation.

### I. Gifted Property

David contends the trial court erred in treating stock which was gifted to him as marital property in dividing the assets of the parties.

Joe Henchal, the sole stockholder of J.C. Feed Mills, Inc., gave David 30 shares of stock in the J.C. Feed Mills. Henchal testified the gift was a way to avoid estate taxes and he made the gift to David because David was his oldest employee.

Section 598.21(2) Iowa Code 1983 provides with reference to division of property in a dissolution:

"Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage."

Iowa Code § 598.21(2) (1983). "The legislature, in enacting the inheritance provisions, clearly manifested its intention that the public policy of this state be that gifts and inherited property should not be considered a part of the marital assets." *In Re Marriage of Wood*, 325 N.W.2d 774, 775 (Ia.Ct. App.1982).

■ However, the requirement to set aside to a party property which has been received as a gift is not absolute. *See In Re Marriage of Thomas*, 319 N.W.2d 209, 211 (Iowa 1982). Exceptions discussed by the court in *Thomas* at p. 211 include *inter alia* unfairness to spouse and children, length of marriage and matters which tend to negative or mitigate against the appropriateness of dividing the property. The stock was a gift to David.

■ This is a marriage of long duration. Maryetta absented herself from the job market for many years to care for the couple's nine children. David was therefore able to continue in his long-term employment with a feed company and the resulting good fortune of obtaining the stock. These factors mitigate toward division of the stock, and we affirm the trial court's consideration of the stock in the property division.

### II. Property Division

David next argues that the division of property made by the trial court is not equitable and should be modified. Certain property was divided by the trial court. Based on the trial court's determination of the value of David's gifted common stock, the division resulted in a larger amount of property going to David than to Maryetta. David does not challenge the stock valuation made by the trial court. His only objection is to the trial court's distribution of the family home and lot, a repurchase agreement and his gifted stock.

The trial court awarded the family home, lot and repurchase agreement to Maryetta and the gifted stock to David. David contends that these items should have been divided equally between the parties and Maryetta should have been given the occupancy of the home during the children's minority. His argument is premised on the fact that he is saddled with items that have income-generating capability but also require a cash flow.

■ We reject David's arguments. Where possible a trial court should divide assets rather than decree joint ownership of assets. Joint ownership frequently results in problems at a later date. The trial court here was careful to avoid postdissolu-

tion joint ownership, and we strongly reject David's argument that we should do so.

### III. Family Support

The trial court ordered David to pay $1,200 per month as family support and ordered said support to be reviewable without showing further change of circumstances if either party remarried. At such time as the last child became 18, or 22 if they were a student, and met the support requirements of § 598.1(2) Code of Iowa 1983, then the support was reduced to $1,000 per month. The support was predicated on the assumption that it was taxable to Maryetta and deductible to David.[1]

The parties agree with the concept of family support and neither seeks review of its concept. David, however, contends that the amount and duration of the support are excessive; and that the trial court should not have assumed that inflation would have an impact on the family situation. The trial court said it had taken into account the significant impact that inflation will make on the support awarded.

In referring to an award of child support, the Iowa Supreme Court said:

> "At the time such an award is made in a final decree, the court should take into consideration all of the facts and circumstances surrounding the parties at the time, and also the reasonable prospects regarding their future condition, and make such an award as will fairly and reasonably be right and proper, under all the circumstances."

*Mears v. Mears,* 213 N.W.2d 511, 515 (Iowa 1973).

There is no evidence in this record that there will be substantial inflation in the future.

The Iowa Supreme Court has judicially noticed in retrospect the reduced purchasing power of the dollar when considering child support payments in modification proceedings. *In Re Marriage of Stamp,* 300

N.W.2d 275, 279 (Iowa 1981); *Page v. Page,* 219 N.W.2d 556, 558 (Iowa 1974). And they have in retrospect recognized the decreased cost of living from May of 1930 to May of 1931 when they said: "It is also a matter of common knowledge that there has been a decrease in the cost of living during said period of time." *Keller v. Keller,* 214 Iowa 909, 911, 243 N.W. 182, 182 (1932). History therefore shows us that the future could bring a decrease in living costs or inflation.

■ A court should not take judicial notice of *future* inflation. We therefore modify the support award.

Maryetta earns $4,112.97 annually for working 20 hours a week as a school bus driver. She has received assets valued in excess of $100,000, including the family home which is unencumbered, in the property division. David realizes stock dividends and income from equipment leases. This, in addition to his annual wage of $25,900, should result in a total adjusted gross income of over $35,000 annually.

■ The trial court's ordering award of $1,200 per month as family support as long as all three children are under the age of 18, or are in good faith full-time students under the age of 22 and not married or self-supporting, is affirmed. The trial court's order is modified as follows: at such time as a child dies, marries, becomes self-supporting or reaches the age of 18 years, unless the child is unmarried and in good faith a full-time student, in which case it shall be when said child reaches 22 years of age, the family support payable by David shall be reduced by $150 per month.

The costs on appeal are charged one-half to each party.

AFFIRMED AS MODIFIED.

---

**1.** Neither party disagrees with the assumption of taxability and deductibility made by the trial court.