In re the MARRIAGE OF K. Vinje DAHL, Jr. and Carolyn R. Dahl,

Upon the Petition of K. Vinje Dahl, Jr., Petitioner–Appellee,

and Concerning Carolyn R. Dahl, Respondent–Appellant.

No. 86–1271.

Court of Appeals of Iowa.

Nov. 30, 1987.

As Corrected Dec. 2, 1987.

Seymore M. Raben, Davenport, for respondent-appellant.

R. Bruce Haupert of Leff, Leff, Haupert and Traw, Iowa City, for petitioner-appellee.

Considered by OXBERGER, C.J., and DONIELSON, and SACKETT, JJ.

SACKETT, Judge.

Appellant–Respondent Carolyn R. Dahl appeals challenging the economic provisions of her dissolution decree. We affirm.

Carolyn and Vinje were married in 1970 and have one child born in 1975. Carolyn has primary physical care of the child. Vinje, who holds a B.A. degree in economics and finance, has been employed during the marriage in a family-owned car dealership. Carolyn, a college graduate, taught school but has not been employed outside the home since the second year of marriage. She was a teacher and requires eight hours of college credit to be recertified. She has maintained contact with the school system through volunteer efforts. At the time of marriage Carolyn had nominal assets. Vinje had a substantial net worth due primarily to a family trust established for his benefit.

The parties enjoyed an affluent life-style and accumulated assets primarily because of the infusion of money from Vinje's family. Vinje's salary ranged from $60,000 to $100,000 a year and was dependent in part on bonuses. His salary was insufficient to cover the parties' living expenses. They supplemented their living by income from gifted investments and additional amounts advanced from the family business and trust.

Carolyn assumed primary responsibility for the family home and the parties' only child. Neither Carolyn nor Vinje made any extraordinary sacrifices or exhibited any unusual devotion in the furtherance of the marriage. They had an above-average standard of living and enjoyed many of life's luxuries.

Carolyn's career has been affected by her absence from the teaching profession for over ten years. During that time she has lost seniority, pay increases, social security and pension rights. *See In re Marriage of Beeh,* 214 N.W.2d 170, 174 (Iowa 1974). She has, however, maintained contact with the school system as a volunteer. She will be able to return to her profession upon obtaining eight hours college credit.

The trial court awarded Carolyn child support of $1,000 per month and ordered Vinje to maintain health insurance on the child. He was ordered to pay all medical expenses in the five-year period following dissolution and one-half thereafter. The court ordered him to maintain life insurance for the amount of the unpaid child support. Carolyn was awarded alimony of $1,000 per month for two years.

The trial court examined the parties' assets on an item for item basis and determined certain assets were held by Vinje at the time of the marriage or gifted to him during the marriage. The trial court put no value on these assets. We find their value to be approximately $1,000,000. These assets were set aside to Vinje. Property the trial court valued at about $516,000 was set aside to Carolyn. She also received a new automobile. She was not ordered to assume any of the financial obligations of the parties. Vinje was not required to pay her attorney fees. The trial court then allocated the balance of the parties' assets and liabilities to Vinje: $1,277,710 in property and $704,566.52 in debts for a net distribution of $573,143.48.

Carolyn contends the distribution is inequitable. Carolyn challenges the property award claiming the trial court improperly valued certain assets and claims the division was inequitable. She also asks for additional alimony. Our review is de novo. Iowa R.App.P. 4.

## I.

■ Property division and alimony must be considered together in evaluating their individual sufficiency. They are neither made nor subject to evaluation in isolation from one another. *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984).

■ We first look at Carolyn's contention the trial court did not properly consider the effect of awarding her an interest in a corporation known as Dahl Properties, Inc. Vinje owned seventy-two shares in Dahl Properties, Inc. At the time of dissolution Dahl Properties was involved in a Section 337 liquidation. The pretrial stipulation, which both parties signed, represented to the court that "The corporation

(Dahl Properties, Inc.) is involved in a Section 337 liquidation, which requires sale." Carolyn contends the trial court incorrectly characterized the Dahl Properties as a liquid asset in determining her alimony needs. The issue is not how much in liquid assets Carolyn received. Rather the issue is was Carolyn treated equitably in the economic provisions made by the trial court. We must determine what is equitable under the specific facts of each case. *In re Marriage of Byall*, 353 N.W.2d 103, 106 (Iowa App. 1984); *In re Marriage of Lattig*, 318 N.W.2d 811, 814 (Iowa App.1982). Even if the liquidity of the parties' interest in the Dahl Properties were an issue, we find no basis for Carolyn criticizing the trial court for its characterization of Dahl Properties when the pretrial stipulation both parties signed represented the liquidation required sale. The trial court had the right to rely on the representations of the pretrial stipulation.

■ Carolyn next contends the trial court was incorrect in valuing the parties' interest in Dahl Properties at $500,000 and that the one-half interest given to her was not worth $250,000. She now argues the interest is worth $125,000. We give Carolyn's argument no consideration and again direct her to the pretrial stipulation where she valued the parties' interest in Dahl Properties at $559,379. Vinje valued it at $434,648. The trial court's valuation of Dahl Properties at $500,000 is less than the value Carolyn put on the property in her pretrial stipulation. There is no basis for her complaint the trial court's valuation is too high.

■ Carolyn next argues the trial court did not consider the income tax consequences on sale of Dahl Properties. The court in dividing the property in a dissolution shall consider the tax consequences to each party. Iowa Code § 598.21(1)(j) (1985). The tax consequences are essentially the same to both parties, the property having been divided equally. No gain or loss is recognized on transfer to Carolyn but she takes Vinje's adjusted basis. I.R. C. § 1041(b)(2). Both parties' awards will be reduced by income tax due on the sale

of Dahl Properties. We consider this in our review.

Carolyn has not challenged the determination of the trial court that the $1,000,000 in assets set aside to Vinje were assets he acquired prior to marriage or assets gifted to him. She does argue the trial court improperly classified $450,372.62 which had come to Vinje by way of loans from his trust and the automobile dealership as debts in making the property allocation. Carolyn does not contend the $450,372.62 was not available to the family but she asks that we categorize the amount as what she terms a nonmarital debt. The thrust of her argument seems to be Vinje's parents' generosity to their children was somehow unfair to her. She contends the Dahl people own everything, their spouses nothing.

Vinje's family has substantial monies and they have been very generous with Vinje and his siblings. There is no basis on which to determine Vinje's family has any obligation to make gifts to Carolyn.

■ Our de novo review of the record convinces us the net worth of these parties was accumulated almost exclusively because of these gifts and concessions made by Vinje's family. Iowa Code section 598.-21(2) provides in part that gifts received by either party prior to or during the course of the marriage are not subject to property division unless the refusal to divide the property is inequitable to the other party or the children. Section 598.21(2) is substantially a codification of the premise established by earlier case law that property inherited by or gifted to one marriage partner is not subject to division unless the failure to do so would be unjust. *See In re Marriage of Thomas*, 319 N.W.2d 209, 211 (Iowa 1982); *Byall*, 353 N.W.2d at 105–06. In *Thomas*, 319 N.W.2d at 211, the court delineated a number of factors which might bear on a claim inherited or gifted property should be divided. These include:

(1) contributions of the parties toward the property, its care, preservation or improvement;

(2) the existence of any independent close relationship between the donor or

testator and the spouse of the one to whom the property was given or devised;

(3) separate contributions by the parties to their economic welfare to whatever extent those contributions preserve the property for either of them;

(4) any special needs of either party;

(5) any other matter which would render it plainly unfair to a spouse or child to have the property set aside for the exclusive enjoyment of the donee or devisee.

The *Thomas* court went on to say that

[o]ther matters, such as the length of the marriage or the length of time the property was held after it was devised or given, though not independent factors, may indirectly bear on the question for their effect on the listed factors. Still other matters might tend to negative or mitigate against the appropriateness of dividing the property under a claim that it falls within the exception.

■ Carolyn leaves this marriage with property valued at over $500,000. She has no debt except her own attorney fees. We find no inequity to her in the property division and refuse to disturb it on appeal.

## II.

■ Carolyn argues the trial court should have ordered Vinje to pay her attorney fees. Vinje argues her attorney fees are excessive. Attorney fees are not recoverable as a matter of right but rest within the trial court's discretion and depend upon one spouse's financial needs and the other spouse's ability to satisfy them. *In re Marriage of Orgren*, 375 N.W.2d 710, 714 (Iowa App.1985); *In re Marriage of Estlund*, 344 N.W.2d 276, 281 (Iowa App. 1983).

■ Any award of attorney fees depends on the financial circumstances and earnings of each party. *In re Marriage of Burham*, 283 N.W.2d 269, 278 (Iowa 1979). Considerable discretion is assigned to the trial court in the allowance of attorney fees. *Locke v. Locke*, 263 N.W.2d 694, 696 (Iowa 1978). Where modification of a property division and alimony award equipped

the wife to pay her own attorney fees, the supreme court set aside trial court's award and denied attorney fees on appeal. *See In re Marriage of Hitchcock*, 309 N.W.2d 432, 438 (Iowa 1981). In another case, this court found the wife, who had income and was receiving property from the marriage, was able to pay her own attorney fees and her request for fees was denied. *See Griffin*, 356 N.W.2d at 609. We reject Carolyn's request for attorney fees.

## III.

Carolyn contends two years of alimony at $1,000 a month is insufficient. She claims she should have additional alimony. We examine the dictates of section 598.-21(3) and applicable case law. *See, e.g., Thomas*, 319 N.W.2d at 212; *Orgren*, 375 N.W.2d at 712–13; *Griffin*, 356 N.W.2d at 608–09; *In re Marriage of Stewart*, 356 N.W.2d 611, 612–13 (Iowa App.1984); *In re Marriage of Hayne*, 334 N.W.2d 347, 350–51 (Iowa App.1983).

■ Carolyn has received substantial assets that, if properly invested, will provide a comfortable living. *See Hayne*, 334 N.W.2d at 351. Vinje provides a substantial amount monthly for the support of their child. Carolyn has good health, is well educated, and with eight hours of college education she should be in a position to obtain remunerative employment if she wishes to improve her standard of living. There is a very reasonable likelihood she can achieve a measurable earning ability as contrasted to the wife in *Hitchcock*, 309 N.W.2d at 434, and as distinguished from the wife in *Hutcheson v. Hutcheson*, 197 N.W.2d 594, 596 (Iowa 1972), where the record did not reflect the wife had any advanced education or training.

■ With only one child of school age Carolyn is in a position where securing employment outside the home should not be difficult. She has received substantial property which is available to her. We consider the economic provisions of a dissolution decree as a whole. *Lattig*, 318 N.W. 2d at 815. Alimony is not an absolute right. *See In re Marriage of Maskel*, 225 N.W.2d 115, 120 (Iowa 1975). With the

bitterness that frequently follows a dissolution, where possible, each party should be given his or her own assets. *See In re Marriage of Mentel,* 359 N.W.2d 505, 506 (Iowa App.1984). There are sufficient assets to accomplish that here and it has been done. We reject Carolyn's claim for more alimony.

We affirm the trial court.

Carolyn's request for appellate attorney fees is denied.

AFFIRMED.