In re the MARRIAGE OF Vickie Lee PFEFFER and Joseph Elmer Pfeffer.

Upon the Petition of Vickie Lee Pfeffer, Petitioner–Appellee/Cross–Appellant,

And Concerning Joseph Elmer Pfeffer, Respondent–Appellant/Cross–Appellee.

No. 88–301.

Court of Appeals of Iowa.

April 25, 1989.

Emil Trott, Jr., of Barrett & Trott, Des Moines, and Don E. Courtney, Algona, for respondent-appellant/cross-appellee.

Blake Parker of Parker & Fors, Fort Dodge, for petitioner-appellee/cross-appellant.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

The parties were married January 8, 1972. The following children are affected by this dissolution: Trevor, born May 1, 1972; Jeremy, born February 16, 1977; Adria, born March 2, 1981; and Jacob, born April 19, 1984. The parties were given joint custody of these children and their physical care was placed in Vickie. Joe does not contest custody or physical care of these children on appeal.

Joe has received substantial farm-related property from his family, either outright or through his interest in family trusts. He owns 116 acres of land. He also has the right to receive income from an additional forty-four acres owned by a trust; upon the death of his father he will become the owner of this land and will receive slightly over $90,000 in cash. In addition, he has an undivided one-fourth interest in eighty acres and an undivided one-sixth interest in an additional 320 acres. Joe does not farm any of this land, but he receives income ranging from $10,000 to $18,000 per year from the land.

Historically, Joe has had trouble holding a job due to serious alcohol and drug abuse. In recent years he has been treated for chemical dependency, and he now believes he is free of that problem. He is presently attending a community college and hopes eventually to obtain a four-year degree in computer science or accounting. He considers himself to be a full time student and he presently is not gainfully employed.

Vickie has worked consistently as a nurse throughout the marriage. She is presently a school nurse earning slightly over $14,000 per year.

The parties' other significant asset is their house, valued at $32,000 to $36,000, and free of debt. The decree provided Vickie may occupy this house until the youngest child reaches the age of nineteen, at which time the house is to be sold and the net proceeds divided evenly. In the alternative, Vickie may become sole owner of the house if she elects to forego a $10,000 distribution due to her under one of the trusts established by Joe's family.

The decree awarded Joe all of his legal or equitable interest in family farm land, except for forty acres. The trial court placed the forty acres in a trust. The income is to be used for the costs of post-high school education for the children. When the youngest child reaches the age of twenty-three or has been graduated from high school for five years, the trust will terminate. Vickie will then become sole owner of the forty-acre tract. The court made this provision in order to recognize Vickie's role as primary breadwinner during the marriage and to compensate her for her contributions to the family economy during those years when Joe was not productive.

The trial court required Joe to pay Vickie the sum of $600 per month child support until Trevor attains the age of eighteen, becomes married, or dies; at which time the monthly support payments will be reduced to $500 per month until Jeremy dies, marries, or becomes an adult; at which time the support payments will be reduced to $400 a month until Adria dies, marries, or becomes an adult; at which time they will be reduced to $300 per month which he will pay until Jacob dies, marries, or becomes eighteen. The amount of child support was to be increased by eight percent on March 1 of each year. The reason the court gave this eight percent increase was to compensate for inflation and the increased expense of raising children as they become older.

Our review is de novo. Iowa R.App.P. 4.

### I.

Joe does not disagree with nor contests the creation of the children's trust. He does contest the provision for Vickie to become sole owner of this forty-acre tract upon termination of the trust. He claims this land should revert to him when the trust ends because it derives from gifts or bequests given him by his family.

We set out the trial court's provision establishing the trust and its terms as follows:

Vickie L. Pfeffer and Joseph E. Pfeffer are hereby designated the Trustees of the Pfeffer Children Trust. Said Trust will become the owner of the following described real estate, to-wit: The Northwest Quarter of the Northwest Quarter of Section 11, Township 95, Range 28, Kossuth County, Iowa. The income from the Trust shall be used for the post-secondary high school education of the four children of the parties hereto; therefore, the Trustees shall have the right to accumulate income earned between the time of this Decree and the time the children begin their post high school education. No child shall be entitled to receive any benefits from this Trust for more than five years after he or she graduates from high school or after May of the year in which he or she reaches his or her twenty-third birthday, whichever occurs later. The Trustees shall not have the right to mortgage, sell, or otherwise convey said real estate or in any way impair the ability of the corpus of the Trust to generate income for the childrens' education. The Trustees shall not be required to furnish bond for the faithful performance of their duties as such and shall attempt to distribute income from the Trust in such a manner that the educational needs of the youngest children will be taken care of to the same extent as the needs of the older children.

After the youngest surviving child attains the age of twenty-three years or has been graduated from high school for five years (whichever event occurs last), then this Trust will end, and all of the accumulated income will be distributed equally among the four children, and the corpus of the Trust, to-wit: The Northwest Quarter of the Northwest Quarter

of Section 11, Township 95, Range 28, Kossuth County, Iowa, shall become the sole property of the petitioner in order to compensate her for her contributions to the family economy during those years when the respondent was not productive. The Trust established herein is not intended to define the maximum of respondent's responsibility for the post secondary education expense of the four children. The purpose of the Trust is to make certain that there will be at least a minimal amount of income available for such education. Since the corpus of the Trust cannot be invaded for the childrens' education, respondent may be required to provide additional amounts when that time comes. It is not possible at this time to provide an equitable formula. The assets of the parties at that time and the income of the parties at that time are variables which cannot be predicted now....

In establishing this trust, the trial court attempted to provide a secure and sure fund to provide a minimal amount of money available for the children's post-high school education. The corpus of the trust cannot be invaded or used for educational costs or purpose. This corpus is preserved for ultimate transfer to Vickie. The corpus, forty acres of land, came to Joe through his family and relatives.

Our review of the record reveals, after the parties were first married, and Joe was in the U.S. Navy, Vickie went to school to obtain a nursing degree. She financed her education with a grant, a scholarship, a work/study program, and loans which she repaid. Since that time she has been employed as a nurse. Joe, on the other hand, has moved from one job to another. Interestingly enough, he was fired from work by his own mother for cultivating marijuana. He has a long history of drug and alcohol abuse. Joe has apparently successfully completed voluntary substance abuse treatment. He has been unemployed for over the past year before trial. He is attending Iowa Lakes Community College.

Iowa Code section 598.21(2) (1987) provides as follows:

Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.

As this court stated in *In re Marriage of Dahl,* 418 N.W.2d 358 (Iowa App.1987):

Section 598.21(2) is substantially a codification of the premise established by earlier case law that property inherited by or gifted to one marriage partner is not subject to division unless the failure to do so would be unjust.

*Id.* at 360.

As noted, the requirement to set aside to a party the property which has thus been inherited or received as a gift is not absolute. *Division may nevertheless occur to avoid injustice.* A number of factors might bear on a claim that property should be divided under this exception. These include:

(1) contributions of the parties toward the property, its care, preservation or improvement;

(2) the existence of any independent close relationship between the donor or testator and the spouse of the one to whom the property was given or devised;

(3) separate contributions by the parties to their economic welfare to whatever extent those contributions preserve the property for either of them;

(4) any special needs of either party;

(5) any other matter which would render it plainly unfair to a spouse or child to have the property set aside for the exclusive enjoyment of the donee or devisee. Other matters, such as the length of the marriage or the length of time the property was held after it was devised or given, though not independent factors, may indirectly bear on the question for their effect on the listed factors. Still others matters might tend to negative or mitigate against the appropriateness of dividing the property under a claim that it falls within the exception. (Emphasis ours.)

*In re Marriage of Thomas,* 319 N.W.2d 209, 211 (Iowa 1982).

■ The trial court awarded this contested forty-acre tract of land to Vickie to compensate her for her contributions to the family economy during the years when Joe was not productive. We agree and affirm the trial court on this issue to avoid injustice in this case.

## II.

■ Joe claims the trial court awarded more child support than he can afford to pay. The record discloses he receives income ranging from $10,000 to $13,000 per year from his land. He currently is not working. He potentially is capable of earning much more than this amount. In the case of *In re Marriage of Wahlert*, 400 N.W.2d 557, 560 (Iowa 1987), our supreme court stated:

> [C]urrent inability has become less a consideration and long-range capacity to earn money has become more of a consideration; and ... any voluntariness in diminished earning capacity has become increasingly an impediment to modification.

Although this appeal does not involve a modification of a dissolution of marriage, we determine this comment is appropriate here. We affirm the trial court on the amount, terms, and duration of the child support. However, we determine the eight percent escalation each succeeding year is not warranted. We modify the decree and delete this annual escalation provision in the support award. There is no showing of a future annual inflation of this magnitude or anything in the record to support it. A court should not take judicial notice of *future* inflation. *In re Marriage of Mentel*, 359 N.W.2d 505, 507 (Iowa App.1984).

## III.

Vickie consents to provide Joe an itinerary, like he is required to provide her, if she takes a trip with the children while in her custody. We modify the decree to include this provision and requirement. We agree with both parties on this issue.

## IV.

In view of our holding in this case, we determine Joe's claim the trial court made a computational error in determining the amount due under a farm lease is of little consequence and does not affect our decision here. We do not address it.

## V.

Also, in view of our holdings in this case, we do not address Vickie's cross-appeal as in effect it is affirmed. We have affirmed the property division made by the trial court. Except for the modification changes we made in divisions II and III, the decree is affirmed in all other respects.

We agree Vickie is entitled to attorney fees on appeal. Joe shall pay $1,000 of Vickie's appellate attorney fees. Costs of this appeal are taxed to Joe.

AFFIRMED AND MODIFIED.