In re the MARRIAGE OF Joseph
Raymond O'ROURKE and
Linda Denise O'Rourke.

Upon the Petition of Joseph Raymond
O'Rourke, Appellee,

And Concerning Linda Denise
O'Rourke, Appellant.

No. 95–0242.

Court of Appeals of Iowa.

Feb. 28, 1996.

Arthur L. Buzzell, Davenport, for appellant.

James L. Tappa of Spector, Tappa & Nathan, Rock Island, Illinois, for appellee.

Heard by SACKETT, P.J., and HUITINK, J., and PERKINS, S.J.*

HUITINK, Judge.

Linda O'Rourke appeals and Joseph O'Rourke cross-appeals the economic provisions of the decree dissolving their marriage. We affirm as modified.

The O'Rourkes were married in 1968. They have two adult children who were both attending college when this case was tried.

Joseph is forty-seven years of age. He has earned a bachelor's degree in accounting. Joseph is employed by several corporations he owns with his brother. He draws a $4000 monthly salary and has received a $200,000 bonus for at least three years prior to trial. Although Joseph had not yet received a bonus as of the October 1994 trial date, he expected to receive $202,000 for calendar year 1994.

Linda is forty-five years old. She worked as a self-employed realtor until she accepted employment with another agency in 1994. Her net income in 1992 was $53,300. Linda's 1993 income was $35,533. She attributes this reduction in income to restrictions of her new employment and unspecified complications resulting from these proceedings.

* Senior judge from the fifth judicial district serving on this court by order of the Iowa Supreme Court.

The O'Rourkes accumulated substantial real and personal property during their marriage. Their net worth was at least $1.3 million. The division of these assets, for the most part, was accomplished by stipulation. Joseph and Linda were each awarded real and personal property valued at $692,000 after liabilities are deducted.

Linda was also awarded $2000 a month permanent alimony and $5000 for her trial attorney's fees. Her request for a lump sump alimony award equal to one-half of Joseph's 1994 bonus was denied.

On appeal Linda challenges the equity of the district court's property division and the amount of alimony she was awarded. She argues Joseph's anticipated 1994 bonus is marital property and demands one-half. She also argues her alimony award is not sufficient to maintain the standard of living to which she has grown accustomed and requests an additional $3000 per month.

On cross-appeal Joseph argues the amount of Linda's property award and her demonstrated earning capacity obviate the need for any alimony. He also argues the district court's award of attorney's fees was an abuse of discretion for the same reasons.

Our review of this equitable proceeding is de novo. Iowa R.App.P. 4. We give weight to the district court's findings of fact, but we are not bound by them. Iowa R.App.P. 14(f)(7).

## I. Property Division.

The gist of Linda's claim to Joseph's 1994 bonus is that it is marital property and subject to division. We disagree.

The partners to a marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991). Iowa courts do not require an equal division or percentage distribution. *Id.* The determining factor is what is fair and equitable in each circumstance. *Id.* The distribution of the property should be made in consideration of the criteria codified

in Iowa Code section 598.21(1) (1993). *In re Marriage of Estlund,* 344 N.W.2d 276, 280 (Iowa App.1983).

The O'Rourkes separated in 1992, and this action was commenced in September 1992. The case was tried in October 1994, and a decree was entered on December 28, 1994. During this time, Joseph received his 1992 and 1993 bonuses. Joseph had not yet received his 1994 bonus as of the date of the decree.

The record also includes the district court's determination of Joseph's income for 1993 and prior years. Joseph's annual bonuses were included in each of the district court's income calculations. In rejecting Linda's demands for one-half of Joseph's 1994 bonus, the district court stated:

[P]revious bonuses were classified by the parties as earnings and that the property settlement and other awards made in the decree as filed take into consideration previous earnings of the petitioner (Joseph O'Rourke).

Under these circumstances, we conclude Joseph's expected bonus is not marital property subject to division. The district court correctly determined it should be considered part of Joseph's income for purposes of determining the amount of alimony, college expenses, and property division. *See In re Marriage of Lalone,* 469 N.W.2d 695, 698 (Iowa 1991) (bonus received after separation, but before trial, treated as income, as opposed to marital property).

We note that Joseph's expected 1994 bonus was earned more than a year after the parties separated. Even if it were considered marital property, there is no evidence that Linda contributed anything to its acquisition. *See In re Marriage of Dannen,* 509 N.W.2d 132, 133 (Iowa App.1993).

We also expressly reject Linda's invitation to accomplish a division of Joseph's 1994 bonus by characterizing her proposed property division as "lump sum alimony." Disguising property settlements as alimony is a questionable practice we will not knowingly endorse. Even if the lump sum payment was considered alimony for income tax purposes, the potential income tax consequences for Joseph are prohibitive. The "recapture" provisions of Internal Revenue Code section 71(f) (1986) were specifically enacted to discourage this practice by denying the alimony deduction for the year the "lump sum" payment is made and adding it on to income earned in a subsequent year. In any event, we find no equity in awarding Linda forty percent of Joseph's 1994 income under any circumstance. The district court is accordingly affirmed on this issue.

## II. Alimony.

■ When determining the appropriateness of alimony, the court must consider "(1) the earning capacity of each party, and (2) present standards of living and ability to pay balanced against relative needs of the other." *Estlund,* 344 N.W.2d at 281 (citation omitted). Alimony is an allowance to the former spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981).

■ Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa Code section 598.21(3) (1993). *See In re Marriage of Hayne,* 334 N.W.2d 347, 350 (Iowa App.1983). We consider property division and alimony together in evaluating their individual sufficiency. *In re Marriage of Dahl,* 418 N.W.2d 358, 359 (Iowa App.1987); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984).

■ Alimony is awarded to accomplish one or more of three general purposes. *Rehabilitative alimony* serves to support an economically dependent spouse through a limited period of education and retraining. Its objective is self-sufficiency. *In re Marriage of Francis,* 442 N.W.2d 59, 63–64 (Iowa 1989). An award of *reimbursement alimony* is predicated upon economic sacrifices made by one spouse during the marriage that directly enhance the future earning capacity of the other. *Id. Traditional alimony* is payable for life or for so long as a dependent spouse is incapable of self-support. *Id.* The amount of alimony awarded and its duration

will differ according to the purpose it is designed to serve. *Id.*

The record does not support an award of either reimbursement or rehabilitative alimony. Linda has been compensated for contributions she made to Joseph's earning capacity as a result of the comfortable lifestyle she enjoyed during their twenty-seven-year marriage and the amount of property she received. *See, e.g., Francis,* 442 N.W.2d at 62. Her employment history and substantial earning capacity evidence a self-sufficiency inconsistent with the underlying purpose of rehabilitative alimony. Any alimony award in this case must therefore serve one or more of the purposes associated with traditional alimony.

In making this determination we are required to consider "[t]he feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage." Iowa Code § 598.21(3)(f). During their marriage the O'Rourkes enjoyed the comfort and security of a joint $300,000 income and a net worth of $1.3 million. Although each was awarded an equitable share of marital property, Linda's ability to support her predissolution lifestyle is limited by virtue of her lower earning capacity. Her financial affidavit indicates her net monthly earned income in 1992 and 1993 was approximately $3000. Linda's postdecree subsistence expenses and costs associated with the ownership of assets she received is approximately $5900.

Joseph's postdecree net income exceeds $10,000 per month. His ability to enjoy his predissolution lifestyle will not be inhibited by a reasonable alimony obligation. The district court's alimony award is the rough equivalent of the difference between Linda's postdissolution expenses and her average net monthly income. We find the district court's award equitably accommodated the parties' respective earning capacities, needs, standards of living, and ability to pay. It serves the purpose of traditional alimony by providing adequate support for Linda without depriving Joseph of the opportunity to enjoy his established standard of living. We reject Linda's demand for an additional $3000 per month as excessive. The district court is affirmed on this issue.

### III. Attorney Fees.

Attorney fees are not awarded as a matter of right. *Dahl,* 418 N.W.2d at 361. An award of attorney's fees is based on the parties' respective needs and ability to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa App.1982). The district court has considerable discretion in awarding attorney's fees. *In re Marriage of Schettler,* 455 N.W.2d 686, 689 (Iowa App.1990). We will not interfere unless there is a manifest abuse of discretion.

Joseph was ordered to pay $5000 of Linda's attorney's fees. Linda's total attorney fees exceeded $27,000. Linda's property award included substantial cash assets. She also received $2000 per month alimony. Linda accordingly has the ability to pay her own attorney's fees. We hold it was an abuse of discretion for the district court to conclude otherwise and vacate the award of attorney's fees.

The judgment of the district court is affirmed as modified. The costs of this appeal shall be assessed equally to each party.

**AFFIRMED AS MODIFIED.**