**IN THE COURT OF APPEALS OF IOWA**

No. 14-0193
Filed August 19, 2015


**IN RE THE MARRIAGE OF ALAN J. ANANIA**
**AND BRENDA J. ANANIA**

**Upon the Petition of**
**ALAN J. ANANIA,**
          Petitioner-Appellant,

**And Concerning**
**BRENDA J. ANANIA,**
          Respondent-Appellee.
_____


          Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


          Alan Anania appeals from the alimony provisions of the parties' dissolution

decree. **AFFIRMED AS MODIFIED.**



          Cami N. Eslick of Eslick Law, Indianola, for appellant.

          Carmen E. Eichmann of Eichmann Law Firm, Des Moines, for appellee.



          Considered by Danilson, C.J., McDonald, J., and Mahan, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Alan Anania appeals from the district court's decree dissolving the parties' marriage. He contends the district court erred when it determined (1) equity entitled Brenda Anania to an award of alimony from him and (2) $850 per month for a period of five years was an equitable award of alimony. Brenda requests appellate attorney fees. We affirm as modified and award Brenda appellate attorney fees.

## I. Background Facts and Proceedings.

Alan and Brenda were married in 1989. They have two adult children who are not a part of this action. Brenda was a stay-at-home mom until 1993, when she began working as a dog groomer. After she began working, Brenda still fulfilled a majority of the household duties and childcare. Alan has worked primarily in auto sales throughout the time of the marriage, which often required him to work long hours. Neither party has a college degree, and only Brenda graduated from high school.

In the fall of 1999, Brenda was diagnosed with Wegener's Granulomatosis, an auto-immune disease in which the immune system attacks the body's own tissues. The district court found that even though there is no cure for this disease, Brenda was in remission and able to work.

A decree of dissolution was granted on November 3, 2013. The district court ordered Alan to pay Brenda alimony in the amount of $850 per month for a period of five years. Alan appeals the district court's award of alimony to Brenda. Brenda asserts the alimony award was equitable and requests appellate attorney fees.

**II. Standard of Review.**

Our review of cases in equity is de novo. Iowa R. App. P. 6.907; *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). "In undertaking our review, we examine the entire record and decide anew the issues properly presented." *In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). "Although our review of the district court's award of alimony is de novo, we give that court considerable latitude in making this determination" based on the criteria in Iowa Code section 598.21A(1) (2013). *In re Marriage of Anliker*, 694 N.W.2d 535, 540 (Iowa 2005) (internal citations omitted).

**III. Alimony.**

Alimony is a stipend to a former spouse "in lieu of the other spouse's legal obligation for support." *Id.* "Such an award is not an absolute right, and whether it is awarded depends on the circumstances of the particular case." *Id.* "We consider property division and alimony together in evaluating their individual sufficiency." *In re Marriage of O'Rourke*, 547 N.W.2d 864, 866 (Iowa Ct. App. 1996).

Brenda was awarded alimony of $850 per month for a period of five years. Alan claims any alimony award to Brenda is inequitable. However, we find that an equitable accommodation of the parties' respective earning capacities, needs, and standards of living requires a modification, not elimination, of the district court's alimony award. Based on our de novo review of the circumstances presented, we find an alimony award of $600 per month for a period of five years is equitable. *See id.*

**IV. Attorney Fees.**

Brenda requests attorney fees on appeal.

> Appellate attorney fees are not a matter of right, but rather rest in this court's discretion. Factors to be considered in determining whether to award attorney fees include: "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal."

*In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006) (quoting *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005)). After considering the above factors, we conclude an award to Brenda of appellate attorney fees in the amount of $1000 is reasonable.

Costs are taxed one-half to each party.

**AFFIRMED AS MODIFIED.**