## IN THE COURT OF APPEALS OF IOWA

No. 16-1900
Filed September 13, 2017

IN RE THE MARRIAGE OF MARKEEN ADELE STARIN-TODD HINDS
AND JOHN CARL HINDS

Upon the Petition of
**MARKEEN ADELE STARIN-TODD HINDS,**
        Petitioner-Appellee,

**And Concerning**
**JOHN CARL HINDS,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Sioux County, Jeffrey A. Neary,

Judge.

        John Hinds appeals the economic provisions of the decree dissolving his

marriage to Markeen Hinds.  **AFFIRMED.**

        John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant.

        Elizabeth A. Row of Elizabeth A. Row, P.C., Sioux City, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

John Hinds appeals the economic provisions of the district court's decree dissolving his marriage to Markeen Hinds. He claims the district court erred in awarding spousal support, certain property, and trial attorney fees to Markeen. Markeen requests appellate attorney fees. Upon our de novo review, we affirm.

### I. Background Facts and Proceedings

The parties were in a relationship for approximately twenty-two years and married since 2004. They have no children together. On December 4, 2015, Markeen filed a petition for dissolution of marriage. The matter came on for trial on August 31, 2016.

At the time of trial, John was forty-seven years old and in good health. He has a high school diploma. In the past, John has worked as a millwright, a painter, and a welder, earning an income of $24,026.00 in 2011, $36,107.00 in 2012, $49,215.00 in 2013, $51,183.00 in 2014, and $43,847.00 in 2015. However, at the time of trial, John was unemployed and caring for his elderly father full time, without compensation. His receipt of unemployment insurance benefits in the amount of $350.00 per week was soon ending, and he intended to look for suitable work near where his father was residing.

At the time of trial, Markeen was sixty-one years old with known health issues.[1] She has a GED. In the past, Markeen has worked as a school cook

---

[1] At trial, Markeen testified she was previously diagnosed with leukemia but has received no treatment for the disease. Markeen further testified she applied for social security disability benefits but her application was denied. Neither party presented any medical evidence of Markeen's diagnosis. Markeen also testified she had recently experienced unexplained weight loss, suffers from arthritis, and has ongoing knee pain as a result from an automobile accident.

and has experience performing janitorial work, walking beans, and working at restaurants and bars. Markeen did not work outside the home for the majority of the parties' marriage. Markeen is not eligible for social security benefits upon retirement. At the time of trial, Markeen was living with her son from a prior marriage and his family while caring for her grandchildren full time. She was not otherwise employed.

In 1996, John purchased an acreage in Sioux County with the intent he and Markeen would live there together. In 2012, Markeen was involved in an automobile accident for which she received settlement funds in the net amount of $16,263.30. Markeen used most of the funds to purchase real estate property in Minnesota and did not tell John about the settlement or the property.

The district court entered a decree dissolving the parties' marriage on September 13, 2016. The district court ordered the parties' acreage be sold and the net proceeds divided in proportion to the length of the marriage. The court awarded the Minnesota property to Markeen as nonmarital property. The court further distributed the parties' remaining assets and debts and determined John should pay $2500.00 to Markeen as a property equalization payment. The court ordered John to pay spousal support to Markeen in the amount of $500.00 per month for ten years or until either party's death or Markeen's remarriage, secured by a life insurance policy. Finally, the court ordered John to pay Markeen's attorney fees in the amount of $6237.57 and all court costs.

John filed a motion to enlarge and amend the court's findings pursuant to Iowa Rule of Civil Procedure 1.904(2). John requested, among other things, the court strike the award of reimbursement spousal support, reduce the equalization

payment, amend its order to include the Minnesota property in the division of marital property, and reduce the attorney fee award. The court entered an order amending its findings of fact and conclusions of law "insofar as the type of alimony awarded here is more appropriately described as rehabilitative or transitional alimony." The court declined to amend the amount or duration of the spousal support award, and it denied John's other requests. John appeals.

## II. Scope and Standard of Review

We review cases tried in equity, such as dissolution cases, de novo. Iowa R. App. P. 6.907; *In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015). We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g). Prior cases, though helpful, have little precedential value because "we must base our decision primarily on the particular circumstances of the parties" presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983). "[W]e accord the trial court considerable latitude" in dissolution cases and will disturb the ruling "only when there has been a failure to do equity." *Gust*, 858 N.W.2d at 406 (quoting *In re Marriage of Olson*, 705 N.W.2d 312, 315 (Iowa 2005)).

We review a district court's decision to award trial attorney fees for an abuse of discretion. *In re Marriage of Michael*, 839 N.W.2d 630, 635 (Iowa 2013).

### III. Analysis

#### A. Spousal Support

Spousal support is not an absolute right but depends upon the particular facts and circumstances of each case. *In re Marriage of Hansen*, 733 N.W.2d 683, 704 (Iowa 2007). The discretionary award of spousal support is made after considering the factors listed in Iowa Code section 598.21A(1) (2015).[2] *Id.* Traditional or permanent spousal support "is 'payable for life or so long as a spouse is incapable of self-support,'" *Olson*, 705 N.W.2d at 316 (quoting *In re Marriage of Francis*, 442 N.W.2d 59, 64 (Iowa 1989)), with the goal of "provid[ing] the receiving spouse with support comparable to what he or she would receive if the marriage continued." *Gust*, 858 N.W.2d at 408 (quoting *In re Marriage of Hettinga*, 574 N.W.2d 920, 922 (Iowa Ct. App. 1997)). Rehabilitative spousal support is "a way of supporting an economically dependent spouse through a limited period of re-education or retraining following divorce, thereby creating

---

[2] The factors to be considered are:

    a. The length of the marriage.

    b. The age and physical and emotional health of the parties.

    c. The distribution of property made pursuant to section 598.21.

    d. The educational level of each party at the time of marriage and at the time the action is commenced.

    e. The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, responsibilities for children under either an award of custody or physical care, and the time and expense necessary to acquire sufficient education or training to enable the party to find appropriate employment.

    f. The feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and the length of time necessary to achieve this goal.

    g. The tax consequences to each party.

    . . . .

    j. Other factors the court may determine to be relevant in an individual case.

Iowa Code § 598.21A(1).

incentive and opportunity for that spouse to become self-supporting." *Francis*, 442 N.W.2d at 63. Reimbursement spousal support is awarded based on "economic sacrifices made by one spouse during the marriage that directly enhance the future earning capacity of the other." *In re Marriage of Anliker*, 694 N.W.2d 535, 541 (Iowa 2005) (quoting *Francis*, 442 N.W.2d at 64). An award of spousal support need not strictly fall into one of the defined categories but can be a combination of types. *See In re Marriage of Becker*, 756 N.W.2d 822, 827 (Iowa 2008). Although our review is de novo, we give the district court considerable latitude in determining whether to award spousal support based on the statutory factors. *Anliker*, 694 N.W.2d at 540.

The district court ordered John to "pay Markeen reimbursement alimony in the amount of $500.00 per month . . . for 120 months" or until either party's death or Markeen's remarriage.

The parties were married twelve years. Markeen was sixty-one years old at the time of trial, not currently eligible for social security benefits upon reaching retirement age, and having health issues and limited potential for meaningful employment. John was forty-seven years old with a three-year earnings average of about $48,000.00 through 2015. We agree the alimony award is equitable and affirm this issue.

### B. Property Distribution

In matters of property distribution, we are guided by Iowa Code section 598.21. The parties in a dissolution action "are entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of O'Rourke*, 547 N.W.2d 864, 865 (Iowa Ct. App. 1996). Iowa law does not require

an equal division but, rather, "what is fair and equitable in each circumstance." *In re Marriage of Campbell*, 623 N.W.2d 585, 586 (Iowa Ct. App. 2001).

We find the Minnesota property was marital property acquired during marriage with proceeds Markeen received for pain and suffering and medical expenses. On our de novo review of the property distribution, we cannot find the district court failed to do equity. We affirm this issue.

### C.     Trial Attorney Fees

John claims the district court abused its discretion by not reducing the award of trial attorney fees by $2500.00, which is the amount Markeen paid to her attorney using proceeds from her personal injury settlement. "Ordinarily an award of attorney's fees rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion." *In re Marriage of Wessels*, 542 N.W.2d 486, 491 (Iowa 1995). "[A]n award of attorney's fees depends upon the ability of the respective parties to pay, depending upon the financial circumstances and earnings of each." *Id.*

In making its determination, the court considered Markeen's needs and John's ability to pay, as well as the asset and debt division, and concluded "[Markeen] cannot afford to pay attorney fees . . . in this matter" while John "is much better situated to pay attorney fees, both his and hers." The court ordered John to pay Markeen's attorney fees in the amount of $6237.57. We find no abuse of discretion and affirm the district court's award of attorney fees to Markeen.

### D. Appellate Attorney Fees

Markeen requests an award of appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). In determining whether to award attorney fees, we consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* (citation omitted). After considering these factors, we award Markeen appellate attorney fees of $3500.00.

## IV. Conclusion

Upon our de novo review, we affirm the district court's award of spousal support, property distribution, and award of trial attorney fees. We award Markeen appellate attorney fees in the amount of $3500.00. Costs are assessed to John.

**AFFIRMED.**