WILLARD E. BROTT, appellant, v. MARGUERITE BROTT, appellee.

No. 51505.

(Reported in 131 N.W.2d 829)

DECEMBER 15, 1964.

REHEARING DENIED FEBRUARY 9, 1965.

Kalman Musin, of Des Moines, for appellant.

Ted Sloane, of Des Moines, for appellee.

LARSON, J.—No material change of circumstances appears herein which will support the trial court's modification of the original decree of divorce between the parties.

Defendant obtained a decree of divorce from plaintiff upon her uncontested cross-petition March 6, 1962. Each party had been married before. Defendant's petition stated that she had two children by a former marriage, one of them a son, Richard Ory, and that no children were born to this union. Pursuant to a stipulation signed by both parties, a decree was entered which made no mention of children or child support, but specifically

provided that the wife was to receive no alimony.: The property was divided, with the plaintiff-husband receiving the larger portion.

Defendant's application for modification asked the court to require the plaintiff to comply with an undisclosed separate oral agreement at the time of the divorce whereby the plaintiff was to care for and support the boy Richard until he became 18 years of age and maintain two insurance policies for him until he reached his majority. After a hearing, the trial court so modified the decree and plaintiff appealed.

I. Applicable here is a rule of law so well established that it requires no elaboration. Section 598.14, Code, 1962, provides:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

■■ This court has consistently held that the language of the last sentence means there must have been a material change in the circumstances since the entry of the original decree, before a modification may be granted. Simpkins v. Simpkins, 256 Iowa 989, 991, 129 N.W.2d 723, 724. The original decree is a binding finality upon both parties with regard to their then existing circumstances. Beyerink v. Beyerink, 240 Iowa 45, 48, 35 N.W.2d 458, 460, and many citations.

Existing circumstances, we have said, are those known to the parties at the time of the entry of the original decree, that is, those circumstances contemplated by the litigants and the court when the decree was entered. In Harwell v. Harwell, 253 Iowa 413, 417, 112 N.W.2d 868, we said: "* * * our interpretation of a change in circumstances must be held to mean a change in 'known' circumstances, including those which could have been known by the use of reasonable diligence." See 27B C. J. S., Divorce, section 317(2), pages 538, 539.

■ There has been no change in the circumstances presented to the court since this decree was entered. It is clear the parties knew of the circumstances which led up to the alleged oral agreement for care and support of Richard at the time the decree was

entered, and although it may be that had the court been advised of them it may have entered a different decree, we do not feel a modification here was proper. By contract defendant had elected to handle her claim for the care and support of Richard separately, and plaintiff's possible liability therefor was not an issue raised in the divorce action.

Defendant testified at plaintiff's request the fact that Richard was the product of an adulterous relation between them prior to their marriage in 1949 was not revealed, and therefore the separate agreement outside the stipulation filed in the divorce action did not mention it. Nevertheless, she contends plaintiff did assume the obligation to care for and support Richard over the next three years in the home she relinquished to plaintiff by the stipulation, and that he received the greater share of the property in the stipulation as consideration for his assumption of that obligation. There is considerable evidence tending to support that contention and, if this were simply an action to enforce the alleged contract, which it is not, perhaps a judgment for defendant might be sustained. However, the prime issue involved in this controversy, as disclosed by the pleading and proof, is not whether there has been a change of circumstances since the divorce decree was entered, but whether plaintiff has breached his agreement to support the boy Richard as agreed. A proceeding for the modification of the court's divorce decree will not reach that controversy. Paintin v. Paintin, 241 Iowa 411, 417, 41 N.W.2d 27, 16 A. L. R.2d 659, and citations.

While considerable discretion is placed in the trial court to modify a decree of divorce (Lyons v. Lyons, 240 Iowa 698, 699, 37 N.W.2d 309), as pointed out, this power to modify exists only where there has been a material and substantial change in circumstances since the date of the original decree, or of any subsequent intervening proceeding which considered the situation and rights of the parties upon an application for the same relief. Shepard v. Gerholdt, 244 Iowa 1343, 1346, 60 N.W.2d 547.

Defendant makes no allegation of fraud or duress and there was no evidence she was induced to sign the filed stipulation, or to remain silent as to Richard's paternity, by threats or intimi-

dation. On the other hand, as counsel states, her faith in plaintiff's concern for Richard's welfare and his promise to support the boy while he remained in school was not well founded.

It is abundantly clear that defendant herself willfully withheld the circumstances as to Richard's paternity and preferred to keep that matter between the parties. It appears Richard is a rather large lad weighing some 229 pounds and, except for some psychological difficulties, appeared to be a normal high school student. After being ejected from plaintiff's home for getting into trouble with the law, he stayed with his sister for several months, and later stayed with his mother. The reasonable value of that support was asked herein.

As we see it, defendant failed to carry her burden to show any substantial change in circumstances since the date of the original decree. The only event complained of which occurred since that decree was plaintiff's failure to perform his separate oral agreement to support defendant's child by a former marriage. Her original divorce petition made no claim that plaintiff was Richard's father or was liable in anyway for his support. The evidence disclosed no such facts at the default hearing before the court. The decree prepared by defendant's counsel, and approved by plaintiff, did not provide for child support or custody, and the stipulation filed at that time made no reference to support money or an agreement by plaintiff to support Richard. Since the boy was then almost 15 years of age, he could have chosen where he wished to live, and the matter of custody is now moot. At least, it is quite clear these proceedings are to recover support money only and do not involve child custody at all.

■ II. There is no legal definition of a new or changed condition in circumstances necessary to warrant a change of custody. What constitutes such a change must be decided in each case as it arises. Shepard v. Gerholdt, supra. The only obvious change here from that existing and known by the parties to exist at the time of the original decree is that plaintiff remarried. This, we have said, alone is not a sufficient change in circumstances to modify a decree of divorce. Simpkins v. Simpkins, supra, 256 Iowa 989, 991, 129 N.W.2d 723, 724. The only other

change alleged and upon which evidence was admitted was a default in plaintiff's agreement to care for and support Richard, under the prior record his stepson, but who defendant now says is plaintiff's own son.

III. A proceeding to modify a divorce decree, we have said, is not a proceeding to enforce a stipulation or contract between the parties. We are dealing only with a decree of the court, and it is merely incidental that the decree did follow the stipulation. From the allegations in the petition and the evidence, we assume the court entered its decree advisedly and adjudicated the rights of the parties accordingly. It was not appealed and may not now be altered without a satisfactory showing of a change in circumstances not considered or provided for in the decree. Simpkins v. Simpkins, supra.

IV. It is evident the petition herein failed to state a cause of action for modification and that the trial court improperly considered collateral matters relating to a paternity claim and a separate agreement or settlement of a dispute between the parties which may have existed but was not presented to the court in the original divorce action. In its attempt to aid defendant obtain relief, the court erred in considering matters foreign to the action for modification.

Thus it would seem defendant must seek relief elsewhere if she was in fact aggrieved by plaintiff's action in sending Richard from his home. We are satisfied she cannot maintain her contractual action here under the guise of a decree modification, and the court abused its discretion in granting the modification.

The judgment must be reversed and defendant's application for modification dismissed.—Reversed and remanded.

GARFIELD, C. J., and HAYS, THOMPSON, PETERSON, THORNTON, SNELL, and STUART, JJ., concur.

MOORE, J., takes no part.