PATRICIA RHAE REED, appellee, v. WILLIAM R. REED, appellant.

No. 52561.

(Reported in 152 N.W.2d 190)

July 11, 1967.

Brierly, McCall & Girdner, of Newton, for appellant.

Salisbury & Larson, of Newton, for appellee.

RAWLINGS, J.—From a decree favorable to plaintiff-wife on defendant-husband's application for modification of child support allowed in prior divorce action, he appeals. We affirm.

Patricia Rhae Reed was granted a divorce from William R. Reed February 15, 1965.

Plaintiff was awarded custody of Lysia Louise Reed, born March 22, 1962, and defendant ordered to pay $55 each month for child support.

About September 1, 1966, defendant filed an application asking deletion of the monthly support payments until he had terminated college studies and secured other employment.

At time of the divorce defendant was in military service. His pay rate was about $335 a month.

On discharge from the service April 28, 1965, he worked several months for a supermarket.

September 1, 1965, defendant was appointed an inspector in the Motor Vehicle Division, Iowa Public Safety Department, with a monthly salary of $400, later increased to $420.

One year later he voluntarily terminated this employment and returned to college.

Having had one year at the University of Arizona defendant enrolled at Iowa State University where he hopes to obtain a mechanical engineering degree.

At time of hearing on his application to modify, defendant had about $300 in savings and owned an encumbered automobile for which a payment must be made each month. His parents will help discharge this obligation.

Defendant was certified as eligible to receive $100 a month under the G. I. Bill, plus a monthly allotment of $25 for the dependent daughter here concerned.

Plaintiff, employed as a dental assistant, has a take-home pay of $50.22 each week. The weekly cost of living for her and Lysia Louise is $60, but the child is now of school age and the living costs will accordingly be increased.

At time of hearing before the trial court plaintiff was in debt about $293. She and her daughter live with plaintiff's mother.

I. We said in Simpkins v. Simpkins, 258 Iowa 87, 90, 137 N.W.2d 621, 622, 623:

"The basic rules governing matters of this kind, frequently stated by us, may be referred to again. Child custody and support provisions of a divorce decree are final as to the circumstances then existing. * * * Of course not every change

of circumstances is sufficient basis for modification of a divorce decree. A decree will not be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions.

"Also, the changed circumstances relied upon must be such as were not within the knowledge or contemplation of the court when the decree was entered. Further, *modification of a decree should be based upon a change of circumstances more or less permanent or continuous, not temporary.* Where a change of financial condition of one or both of the parties is relied upon it must be substantial.

"Welch v. Welch, 256 Iowa 1020, 1025, 129 N.W.2d 642, 644, states and cites authorities for each of the above propositions. See also Smith v. Smith, 257 Iowa 584, 590, 133 N.W.2d 677, 680." (Emphasis supplied.)

See also Brott v. Brott, 257 Iowa 377, 379–381, 131 N.W.2d 829; Crosby v. Crosby, 182 Va. 461, 29 S.E.2d 241, 242, 243; 27B C. J. S., Divorce, section 322(2), page 693; 24 Am. Jur.2d, Divorce and Separation, section 677, page 795; and 89 A. L. R.2d 54.

In connection with the foregoing defendant's counsel stated in oral argument on appeal, the proposed college stay will be a "short run affair". We agree.

II. Commendable as it may otherwise be, the self-imposed termination of employment by any person in order to obtain more schooling cannot be looked upon with favor when it is detrimental to his child's best interests and at the resultant expense of a former spouse.

Furthermore the G. I. grant allowed defendant has, in effect, already accorded him an automatic reduction in support payments from $55 to $30 by the $25 a month dependency allotment.

Stated otherwise the government is subsidizing defendant's support money payments by the amount allowed for his dependent.

As the able trial judge stated in the decree denying modification: "Under the provisions of the G. I. Bill he will receive the sum of $125 per month from the United States Government

while attending the University. Such payments are predicated upon an individual or basic allowance to the defendant in the amount of $100 per month plus a dependency allowance in the amount of $25 per month in consequence of his daughter, Lysia Louise Reed. The defendant testified he is of the belief that he can get by financially as a student on the $125 per month government allowance with perhaps some help from his parents in making payments on his car. If the defendant applied the full amount of said government payments to the furtherance of his education he would, of course be applying to his own personal use the $25 per month dependency allowance paid, at least theoretically, in behalf of his infant daughter."

We approve defendant's desire to improve himself by securing a college education. But it would be neither reasonable nor just to further reduce an already moderate, and possibly inadequate, support allowance in order to accommodate defendant-father's desire to secure an engineering degree.

The trial court was correct in denying defendant's application for modification of the support money allowance.

Affirmed.

All JUSTICES concur.