In re the MARRIAGE OF Jay E. STEWART and Joan Kaye Wilson.

Upon the Petition of Jay E. Stewart, Petitioner-Appellee,

and Concerning Joan Kaye Wilson, Respondent-Appellant.

No. 83–1546.

Court of Appeals of Iowa.

Sept. 6, 1984.

Jack A. Hall, of Wilson, Hall, Wilson & Craig, Eldora, for respondent-appellant.

John B. Grier, of Cartwright, Druker & Ryden, Marshalltown, for petitioner-appellee.

Considered by SNELL, P.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

Jay and Joan were married in 1977. At the time of marriage Joan had a college degree; Jay was within a year and one-half of obtaining a degree in veterinary medicine. Joan has been employed throughout the marriage in the sale of agricultural and animal products. Jay's parents paid him his school expenses and gave him $100 per month while he was in school. Joan's income supplied the balance of the family expenses.

A home was purchased with a $5,500 loan or gift from Joan's parents. The home was in Joan's name. Jay, with the help of a noninterest bearing loan from his parents purchased a half interest in a veterinary practice in Grundy Center.

In 1981 Joan's Iowa net income was $21,549; Jay's net Iowa income was $25,310.

## I. SCOPE OF REVIEW

Our review is de novo. Iowa R.App.P. 4 (1983); *In Re Marriage of Castle*, 312 N.W.2d 147, 148 (Iowa Ct.App. 1981). We examine the entire record and determine the parties' rights anew based upon all credible evidence on properly presented and preserved issues. *In Re Marriage of Full*, 255 N.W.2d 153, 158 (Iowa 1977). While we give weight to the findings of the trial court, we are not bound by them. Iowa R.App.P. 14(f)(7) (1983).

## II. PROPERTY DIVISION AND ALIMONY

Joan contends that she should have received an award of cash or alimony to equalize the property division and to compensate her for the support she gave Jay while he was in college.

Jay contends that the property division was equitable, restored each person to the position they would have been had it not been for the marriage and that Joan was allowed to fully pursue her career in the marriage.

An examination of the record indicates that the trial judge first set aside to Jay stock in a family corporation that was gifted to him prior to and during the marriage, and then made a careful division of the balance of the marital property, which resulted in a nearly equal division of the marital assets and liabilities. A justified property division is one that is equitable under the circumstances. *Locke v. Locke*, 246 N.W.2d 246, 251 (Iowa 1976); *In Re Marriage of Cooper*, 225 N.W.2d 915, 919 (Iowa 1975). There is no mechanical rule which dictates an equal division. *In Re Marriage of Schissel*, 292 N.W.2d 421, 423 (Iowa 1980).

Should Joan have been awarded a greater share of the marital property or alimony because of contributions she made to Jay's college career? Jay's college expenses after marriage and a $100 a month living allowance were paid by his parents. He also had a small income. Following Jay's graduation his income exceeded Joan's.

*In Re Marriage of Janssen*, 348 N.W.2d 251, 253–254 (Iowa 1984) the Iowa Supreme Court in discussing *In Re Marriage of Horstmann*, 263 N.W.2d 885, 891 (Iowa 1978) said *"Horstmann* thus held that a party's advanced degree is not a property to be divided in value, yet education is a factor to be considered *on the party's earning capacity*—and this is true not only on the issue of an 'equitable division

of assets' but also as to whether 'alimony' should be awarded and, if so, to the amount to be awarded." (emphasis added).

Jay's veterinary degree has enhanced his earning capacity and it should be one factor to consider to determine whether alimony should be ordered and whether the property division is appropriate. But we consider too the fact that Joan has a bachelor's degree and has by virtue of her degree and past experience obtained employment which is as remunerative as Jay's veterinary practice. *See Janssen* at 254.

Joan also contends that Jay's gifted property should be considered on the alimony issue. We agree that inherited or gifted property can be considered on the issue of alimony. *In Re Marriage of Moffatt,* 279 N.W.2d 15, 20 (Iowa 1979). However, we refuse to consider gifted property here. The gifted property generates little or no income and there is no evidence that the gifted property enhanced the life style of this couple during their short marriage.

In considering whether to award alimony we apply the factors of Iowa Code section 598.21.

We consider too the short duration of the marriage; the fact that both parties have a university degree; and substantially equal earning records; the property division made by the trial court; the fact that both parties have made substantial career advancements during the marriage and the fact that both parties can maintain a rea-sonably comparable standard of living after the dissolution.

After considering the record as a whole, we affirm the trial court's property division and refusal to award alimony.

## III. CUSTODY OF PERSONAL PROPERTY

Joan contends the trial court erred in not awarding the dog, Georgetta, to her.

Jay gave Joan the dog in question for Christmas. When the parties separated the dog remained with Jay. The dog accompanies Jay to the office and spends a substantial portion of the day with Jay.

The trial court found that custody of the dog should be with Jay.

A dog is personal property and while courts should not put a family pet in a position of being abused or uncared for, we do not have to determine the best interests of a pet.

We have considered the property division as a whole. We find no reason to disturb the trial court's decision on the award of the dog to Jay. We affirm the decision of the trial court.

AFFIRMED.