In re the MARRIAGE OF Angela J. LOVETINSKY and Larry E. Lovetinsky.

Upon the Petition of Angela J. Lovetinsky, Petitioner–Appellant,

and Concerning Larry E. Lovetinsky, Respondent–Appellee.

No. 87–461.

Court of Appeals of Iowa.

Nov. 30, 1987.

James D. McCarragher of Meardon, Sueppel, Downer and Hayes, Iowa City, for petitioner-appellant.

Daniel L. Bray, Iowa City, for respondent-appellee.

Considered by OXBERGER, C.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

In this case we address the economic aspects of the dissolution of a short-term marriage. Petitioner–Appellant Angela J. Lovetinsky and Respondent–Appellee Larry E. Lovetinsky were married in 1983. They have one child, a son, born in April 1986. They were both twenty-three years old at the time of trial. At the time of marriage Angela was halfway through a cosmetology course. She worked as a beautician but quit her job when their son was born and started doing child care in her home. She continues to take care of children and grosses about $800 per month. Larry was employed by Johnson County at the time of the marriage. He continues in this employment and earns $17,000 annually.

The parties stipulated to certain items including custody. The trial court heard evidence and entered a decree dividing the assets, allocating the debts, and approved a joint custody arrangement with Angela as physical custodian. Larry was ordered to pay child support of $50 a week for the 48 weeks a year the child was in Angela's care. Larry was not required to pay child support for the 4 weeks when the child was in his care.

Angela first contends the trial court should have allowed her to retain the family home. The parties were purchasing a home which is subject to a mortgage of about $36,000. The home will not sell for the amount of the mortgage. The parties were jointly obligated on the note and mortgage on the home. The trial court determined Angela could have the home if Angela could have Larry's name removed from the note and mortgage. If she could not do this, the home was ordered sold. Because of the minimal equity, this was not possible and Angela contends the home should be awarded to her anyway. Larry claims if the home is not sold and his name not removed, the continual obligation on the home will cause him problems in obtaining other credit.

Section 598.21(1)(g) directs the court in dividing the property of a marriage to consider the desirability of awarding the family home for a reasonable period to the party having physical care of the children. Such an award provides some stability of a home situation for the children and allows them to stay in the same school district and maintain contacts with friends. They are not forced to be uprooted from a familiar environment. Children need emotional security and adequate shelter. The child of the parties is young enough that the argument the home is needed for his emotional security is not strong. He is not in school and is too young to have become attached to the neighborhood. A move will not be disruptive to his education.

Angela contends she needs the home for her child care business. The awarding of such interest so as to allow a spouse to maintain a business is a consideration in dividing property. However, the problem is the home is encumbered to the extent a sale will result in a loss and Larry is obligated on the note and mortgage. To give Angela the home would continue to obligate Larry on a piece of real estate over which he exercised no control. The absence of equity gives him no protection in the event Angela fails to make the payments and there is a foreclosure. Nor is Angela's financial situation such that if she were ordered to indemnify and hold Larry harmless on the note and mortgage she

would be able to do so. We cannot determine Angela can afford to maintain the residence and its attendant expenses. *See In re Marriage of Freese*, 226 N.W.2d 800, 802 (Iowa 1975).

We affirm the trial court's order on the home. We consider the fact without a home Angela will be unable to carry on her child care facility in assessing her need for child support.

■ Angela next complains about the child support and debt allocation. Both parties claimed the family had a negative net worth. There were few assets to divide and other than the house no challenge is made to the allocation. Angela was ordered to pay $10,292 in bills about $2,400 of which were acquired during the marriage. The balance she had when they were married. Larry was assigned $2,950 in debts, $2,019 of which were acquired during the marriage. Because the debt allocation awarded each their own debts incurred prior to marriage and divided debts acquired during the marriage nearly equally, we see no reason to disturb it on appeal. We do, however, consider Angela's substantial debt load in assessing her child support needs.

Angela argues she should have more child support and it should be paid through the entire year. We agree and increase the support to $75 per week payable fifty-two weeks a year.

■ Angela contends Larry should maintain life insurance with their son as beneficiary. The record reflects Larry earns wages subject to FICA withholding. In the event of Larry's death or disability, social security benefits will be available to their son during his minority. The financial situation of the parties does not allow additional insurance. We do not disturb the trial court's ruling on this issue.

■ Angela contends in the pretrial stipulation they agreed the tax exemption for their son was to be given to each in alternate years. She argues the trial court was bound to follow that agreement but incorrectly allocated the entire exemption to Larry. The trial court is not bound by the parties' agreement. *Messer v. Messer*, 238 Iowa 783, 28 N.W.2d 329 (1947). The provisions of a dissolution decree dealing with dependency deductions are connected directly with the requirements of a noncustodial parent to provide support and the allocation of the allowance has a direct effect on the financial resources available to the child. *Marriage of Habben*, 260 N.W.2d 401, 403 (Iowa 1977). The trial court was asked to decide child support and the exemption was part of the child support issue. We do not disturb the trial court's ruling on this issue.

■ Angela claims she should have attorney fees on appeal. She claims fees of $1,200. Larry claims Angela should pay his fees and he claims fees of $1,423. Attorney fees are not recoverable as a matter of right in a dissolution. Such an allowance depends upon one spouse's needs and the other spouse's ability to satisfy them. *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977). Each party is employed. They both have an obligation to their child. Neither has extra resources. We determine they shall each pay their own attorney fees and one-half of costs.

AFFIRMED AS MODIFIED.