**In re the MARRIAGE OF Darrell L. WOODWARD and Cheryl A. Woodward,**

**Upon the Petition of Darrell L. Woodward, Petitioner–Appellee,**

**And Concerning Cheryl A. Woodward, Respondent–Appellant.**

**No. 87–1041.**

Court of Appeals of Iowa.

May 31, 1988.

David Scieszinski, Wilton, for respondent-appellant.

Gerald F. Denning, of Allbee, Allison & Denning, Wilton, for petitioner-appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

We address the challenges of Respondent–Appellant Cheryl A. Woodward to the economic provisions of her dissolution decree. We affirm as modified.

Darrell L. Woodward, Petitioner–Appellee and Cheryl were married fourteen years. Darrell was born in 1937. Cheryl was born in 1954. Four children were born to the marriage, Carrie in 1977, Darrick in 1978, and twins Brian and Brandon born in 1983. All the children are in Darrell's physical care. The parties were awarded joint custody. Cheryl did not seek physical care. The testimony was she did not want the responsibility of the children.

Darrell served in the United States Navy from 1956 to 1960. After that time he worked for twenty years applying asbestos to pipe. At one time he was making about $30,000 annually. During recent years his employment has been sporadic. He was on unemployment at the time of the divorce. He had earned $6,800 in wages during the first half of 1987, and had received $2,800 in unemployment. He was receiving food stamps. He paid $19 per week child support for a child from a prior marriage. The trial court found, and we agree, there was no reason to determine his employment picture would change.

The trial court divided the parties' minimal assets nearly equally but ordered Cheryl's $2,671 equity in the mobile home to remain until the youngest children reached eighteen years.

I.

Cheryl contends the trial court should not have frozen her equity in the mobile home until the youngest children were eighteen years old. Darrell and the children are living in the mobile home. Iowa Code section 598.21(1)(g) directs the court in dividing the property to consider the desirability of awarding the family

home for a reasonable period of time to the party having physical care of the children. *In re Marriage of Lovetinsky,* 418 N.W.2d 88, 89 (Iowa App.1987). Cheryl makes no other financial contribution to the children's well being. Darrell is on a limited budget. The children need adequate shelter. *Id.* There is no inequity in determining Cheryl's equity should remain in the mobile home until the youngest children reach eighteen years of age.

## II.

Cheryl next challenges a debt allocation and contends she should have received an additional $230 in assets. We consider the economic provisions as a whole. *In re Marriage of Dahl,* 418 N.W.2d 358, 361, (Iowa App.1987); *In re Marriage of Lattig,* 318 N.W.2d 811, 815 (Iowa App.1982). We determine what is equitable under the facts of each case. *In re Marriage of Byall,* 353 N.W.2d 103, 106 (Iowa App.1984). We affirm the trial court on this issue.

## III.

■ Cheryl contends the trial court should have awarded her alimony. Cheryl has limited employment experience. She is living with a man who provides her with room and board. We consider the dictates of section 598.21(3) and applicable case law. *See In re Marriage of Griffin,* 356 N.W.2d 606, 608–09 (Iowa App.1984); *In re Marriage of Stewart,* 356 N.W.2d 611, 612–13 (Iowa App.1984); *In re Marriage of Hayne,* 334 N.W.2d 347, 350–51 (Iowa App. 1983). We recognize Cheryl leaves the marriage at an economic disadvantage. She has few employment skills. Her job opportunities are limited. Alimony would assist with her rehabilitation. But we must also consider the economic circumstances of Darrell. Iowa Code § 598.21(1)(i). The trial court found, and we agree, Darrell does not have income to meet more than the children's minimal needs.

While Cheryl testified she considered her needs to be superior to those of the children, we do not. Darrell does not have the ability to pay alimony. Darrell needs additional support for the children. Cheryl does not have the ability to pay and the trial court did not order her to pay child support. We affirm the trial court's refusal to award alimony.

## IV.

Cheryl contends the trial court should have required Darrell to pay her a sum of money at this time to compensate her for his pension. Darrell has a pension. At the time of marriage the pension was vested. Darrell continued to contribute to the pension throughout the marriage. Darrell must live to draw the pension. The trial court found insufficient evidence in the record to value the pension and declined to do so. The trial court determined if Cheryl is not married, has not been married, or is not cohabiting when Darrell draws his pension, then Darrell shall pay to Cheryl an amount equal to one-half of a fraction of the pension, the numerator of the fraction being fourteen (the years of marriage during which the benefits were accumulated) and the denominator being the total number of years during which benefits were accumulated prior to when paid. Cheryl contends the trial court should have valued the pension and she should receive her share at this time.

■ The plan Darrell has is a defined benefit plan. It promises an amount of income at retirement date. Darrell's interest in the plan is derived from the amount of monthly benefits promised at retirement rather than present interest. Valuation is so complicated it requires the services of an actuary. *See* Comment, *Distribution of Pension Benefits in Marital Dissolutions,* 24 Santa Clara L. Rev. 999, 1001 (1984). There was no valuation by an actuary. We agree with the trial court there is insufficient evidence to value the pension. *See In re Marriage of Voss,* 396 N.W.2d 801, 803 (Iowa App.1986). We find, as did the trial court, valuation is not necessary. There are no existing assets from which equalization can be made. Because the pension is contingent on survival, there is a risk the pension may not be paid. *See DuBois v. DuBois,* 335 N.W.2d 503, 505 (Minn.1983).

■ There is considerable support for apportioning future benefits only if and when they are paid. *See Janssen v. Janssen*, 331 N.W.2d 752, 756 (Minn.1983); *In re Marriage of Brown*, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561, 566 (1976). We agree with Cheryl there are times when allocations should be made at the time of decree. This case does not lend itself to such an application. We affirm the trial court's decision to allocate benefits when paid. We do, however, disagree with it's determination Cheryl shall not receive the benefits if she cohabits or remarries. Cheryl is leaving the marriage with few assets and no income. She devoted fourteen years to the marriage. During all but six months of that time she absented herself from the job market with the resulting loss of social security and employment benefits. Because there is insufficient money she is receiving no alimony and a very minimal amount of property. The pension in this case is going to her as a property division. *See In re Marriage of Bevers*, 326 N.W.2d 896, 900 (Iowa 1982); *In re Marriage of Jensen*, 396 N.W.2d 367, 369 (Iowa App. 1986).

To adopt the trial court's decision would give Darrell almost all the property acquired during marriage should Cheryl remarry or cohabit. We determine that to be inequitable. *See Taylor v. Taylor*, 329 N.W.2d 795, 798 (Minn.1983). We strike that portion of the decree which provides the payments shall not be made if there is cohabitation or remarriage. In all other respects we affirm the trial court.

■ Cheryl has requested an award of appellate attorney fees. An award of attorney fees depends on the financial circumstances and earnings of each party. *In re Marriage of Burham*, 283 N.W.2d 269, 278 (Iowa 1979). Darrell does not have the ability to pay. We deny Cheryl's request for appellate attorney fees.

Costs on appeal are taxed one-half to each party.

AFFIRMED AS MODIFIED.

HABHAB, J., concurs.

HAYDEN, P.J., specially concurs.

HAYDEN, Judge, specially concurring.
I concur in the result only.