**In re the MARRIAGE OF David Alan FIDONE and Carol Denise Fidone**

**Upon the Petition of David Alan Fidone, Petitioner–Appellant,**

**And Concerning Carol Denise Fidone, Respondent–Appellee.**

No. 89–1499.

Court of Appeals of Iowa.

Sept. 26, 1990.

support for each child, and to pay $750 toward Carol's attorney fees.

F.E. Ebersold of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellant.

Matt Walsh, Council Bluffs, for appellee.

SACKETT, Judge.

This case challenges a trial court's dissolution order dividing property and fixing child support. We affirm as modified.

Petitioner-appellant David Alan Fidone and respondent-appellee Carol Denise Fidone were married in 1976. They have a daughter born in 1975, and a son born in 1978. The dissolution decree awarded physical custody of the children to Carol, ordered David to pay $300 per month child

## I.

David contends the property award was not equitable. The trial court allocated the personal property and debts between the parties. The debts were nearly equal to the personal property. Neither party received any appreciable equity in the allocation. We affirm the trial court on this issue.

The parties owned two pieces of real estate. The first, their family home, was valued at $45,000, with a mortgage including delinquencies of approximately $20,500; the second, a home purchased by David following the parties separation, was valued at $18,500 and had a mortgage equal to its value.

The trial court awarded the second home to David and ordered him to pay the mortgage. The personal residence was awarded to Carol. David was ordered to pay approximately $2,000 to bring the mortgage current, and Carol was to be responsible for the balance of the mortgage payments. The house was ordered sold when the children were eighteen or emancipated, and David was to receive approximately $7,000 at that time. Neither party was awarded alimony.

David contends this is not equitable. In assessing the equity of the award, we look to the factors of Iowa Code section 598.-21(1) and applicable case law. *See In re Marriage of Dahl,* 418 N.W.2d 358, 360–61 (Iowa App.1987); *In re Marriage of Stewart,* 356 N.W.2d 611, 612 (Iowa App.1984). In addition to the property, we consider the respective pension, retirement and social security benefits accrued during marriage. *See In re Marriage of Voss,* 396 N.W.2d 801, 803 (Iowa App.1986). Neither party has introduced direct evidence as to these rights and benefits. David has been the substantial wage-earner during the marriage. Consequently, we find he leaves the marriage with greater retirement entitlements. We consider this factor in assessing the award. *See In re Marriage of*

*Williams,* 421 N.W.2d 160, 167 (Iowa App. 1988). We also consider the desirability of allowing the children to remain in the family home. *See In re Marriage of Lovetinsky,* 418 N.W.2d 88, 89 (Iowa App.1987). We affirm the property division in all respects.

## II.

The trial court fixed child support at $300 per month for each of the two children. David contends this is too high. David had been employed by the Union Pacific Railroad as a machinist for ten years. In the year prior to trial he had a salary of about $28,000. The Union Pacific moved the shop from the Council Bluffs area to Little Rock, Arkansas. David had an opportunity to transfer or quit. He contends he rejected the transfer because he did not want to be separated from his family, he did not want to leave the Council Bluffs area, and he was uncertain the job in Little Rock would be a stable job if he sought to relocate. David contends he will go into his own air conditioning business, which he ran as a second business at a loss. He anticipates his monthly income from the business will not be greater than $1,000.

Child support is generally not reduced because of self-inflicted or voluntary reductions in income. *See In re Marriage of Vetternack,* 334 N.W.2d 761, 762–63 (Iowa 1983); *Ellis v. Ellis,* 262 N.W.2d 265, 268 (Iowa 1978); *Reed v. Reed,* 260 Iowa 1166, 152 N.W.2d 190, 191 (1967); *In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). The questions are whether a refusal to move 1,200 miles to take a job that might not be secure is a self-inflicted or voluntary reduction in salary, and whether we are justified in using David's past income from Union Pacific to determine his ability to pay child support.

Both parents have an obligation to support their children in accordance with their ability to pay. *In re Marriage of Byall,* 353 N.W.2d 103, 107 (Iowa App.1984). Parents must give their children's needs high priority and be willing to make reasonable sacrifices to assure their care.

David has lost his current job and similar railroad employment is not available to him in Council Bluffs. He has lived all his life in that area and has close family ties. His children will continue to live in Council Bluffs. He has continued to maintain close contact with them and hopes to continue to do so. We recognize the children need continual and substantial contact with their father and consider this in our assessment. A move would require certain expenses. David, in his employment with Union Pacific, has experienced five years of layoffs in the past ten years. We find David has a valid reason to be concerned about steady and continual employment if he moves. We do not consider his loss of employment voluntary or self-inflicted.

We determine David currently has the ability to generate income, after taxes, of approximately $800 monthly. We find Carol has monthly income, after taxes, of approximately $250. We remand to the trial court to apply the child support guidelines. Child support as ordered by the trial court shall continue until a hearing is held.

## III.

David complains the trial court considered his statement of the case as evidence. He has failed, however, to point out that evidence the trial court considered which should not have been considered. We therefore need not address this issue.

## IV.

Carol was awarded attorney fees at the trial court level of $750. David contends these are too high. The trial court is granted considerable discretion in awarding attorney fees. *See In re Marriage of Dahl,* 418 N.W.2d 358, 361 (Iowa App. 1987). We find no abuse of discretion.

Carol requests attorney fees on appeal. Each party shall pay his or her own attorney fees. Court costs on appeal are taxed one-half to each party.

AFFIRMED AS MODIFIED AND REMANDED.

All Judges concur except HAYDEN, J., who specially concurs, HABHAB, J., who concurs in part and dissents in part.

HAYDEN, Presiding Judge (specially concurring).

I concur in the result.

HABHAB, Judge (concurring in part and dissenting in part).

I concur with the majority except that part that remands this cause for hearing pursuant to the Uniform Child Support Guidelines. As to that part, I dissent.

This decree was entered by the trial court on August 31, 1989. The temporary child support guidelines were not adopted as permanent child support guidelines by the supreme court until September 29, 1989. Under the circumstances here, I see no reason to remand for the reasons which I urged in *In re Marriage of Craig*, 462 N.W.2d 692 (Iowa App.1990).