In re the MARRIAGE OF Dana Jo DAWSON and James Rex Dawson,

Upon the Petition of Dana Jo Dawson, Appellant,

And Concerning James Rex Dawson, Appellee.

No. 89–1448.

Supreme Court of Iowa.

March 20, 1991.

Mike Christensen, Des Moines, and Edward Ronwin, Urbandale, for appellant.

Joseph G. Bertogli, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

The marriage of Dana Jo Dawson and James Rex Dawson was dissolved in August 1980. In March 1989 James filed a petition to modify the decree, requesting a drop in the amount of child support. The district court not only lowered the child support but also gave James one of two income tax dependency exemptions concerning the two minor children of the parties. In addition, the court denied both parties attorney fees.

Dana appealed. James cross-appealed.

We transferred the case to the court of appeals. While the case was pending on appeal, we entered an order on September 29, 1989, temporarily adopting our previous temporary child support guidelines as permanent child support guidelines. On September 26, 1990, the court of appeals filed its decision in this case.

The court of appeals reversed and remanded for a hearing to allow the district court to consider the September 29, 1989, guidelines. The court of appeals also gave James one income tax dependency exemption but not for the same child as the district court had ordered. Finally, the court of appeals denied both parties trial and appellate attorney fees.

We granted Dana's application for further review.

We now vacate the decision of the court of appeals as to its remand and affirm its decision as to the dependency exemption and attorney fees issues. We reverse the judgment of the district court that lowered the child support, modify its judgment on the dependency exemption, and affirm its judgment as to the trial attorney fees.

I. *Background Facts and Proceedings.*

The parties were married in September 1970. Three children were born of this marriage; one died. The two living children are Anne Denise (born August 3, 1974) and James Diccon (born July 1, 1976).

On May 5, 1980, Dana filed a petition to dissolve the marriage. A stipulation and agreement signed by both parties was filed along with the petition. On August 18, 1980, a decree dissolving the marriage was filed. The decree incorporated the following child support provision from the stipulation and agreement:

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [James] is to pay as child support the sum of $550.00 every two weeks, commencing with the first pay period of May 1980. That said payment is to continue until [Dana] obtains a job or for a period of one year, at which time the payment will drop to $400.00 every two weeks until eighteen months have passed from the first payment, at which time the payment will drop to $250.00 every two weeks. Said payments shall continue until the oldest child obtains the age of eighteen, marries or becomes self-supporting. . . .

The parties moved to Stuart, Iowa, in May 1979 after James was discharged from

the United States Air Force. His yearly gross income from the military was $16,500.

After working a short time for a feed and grain company in Stuart, James became a full-time police officer for the city of Stuart. His yearly gross income as a police officer was $14,500. In November 1979 James began working as a rural mail carrier, making a yearly gross salary of $18,600. This included mileage of about $2500 per year. At the time the dissolution petition was filed in May 1980, James was working full-time in both positions and netting $2000 per month.

In the summer of 1980, before the dissolution decree was entered, James gave up his position as a police officer. The Stuart City Council and the city's chief of police had demanded he make a choice between the two positions. James did not appear at the final dissolution hearing, nor did he advise the court that his income had dropped before the decree was entered.

In December 1980 James remarried. Dana has not remarried.

James continued working as a postal employee until he quit in September 1985. In the service James had been working toward a nursing degree; he quit his postal job to complete this education. In 1984 he earned $21,853 as a postal carrier. For the first nine months in 1985, before he quit, he earned $16,460 in that position.

James began working full-time as a nursing assistant in the emergency room at Iowa Methodist Medical Center. In this capacity he earned $5.65 per hour for a forty hour week. In 1986 his gross earnings from that job totaled $12,000. That year he also earned $3000 from the Iowa National Guard.

In 1987 James transferred to Broadlawns Medical Center. His total income from all sources that year amounted to $20,600. In 1988 his income from all sources was $20,500. In 1989 James' monthly gross income from Broadlawns was $1601.50, and his monthly net income was $1188.01.

In 1979, except for a brief period, Dana was not employed outside the home. Nor was she employed outside the home at the time she filed the dissolution action in May 1980.

Dana began working for the Iowa department of transportation in October 1980. She netted $230 every two weeks.

In January 1981 Dana began working for the Iowa department of human services. Her income increased to a net of $330 every two weeks.

Except for a wage freeze for several years, Dana received the same pay raises as other State employees. In July 1989 Dana was still working in the Iowa department of human services. By this time her net earnings had increased to $684 every two weeks.

On March 13, 1989, James filed a petition to modify the dissolution decree. He asked the court to lower his child support because his income had substantially decreased while Dana's had substantially increased.

The district court heard the matter on July 26, 1989. On August 17 the court filed its order lowering the child support from $250 to $200 every two weeks. The court also continued the child support

until the oldest child attains the age of eighteen, marries, or becomes self supporting, at which time the payment will be reduced to $125 every two weeks until the youngest child attains the age of eighteen, marries, or becomes self supporting.

In addition, the court allowed James to claim the oldest child as a dependent for tax purposes. The modification order further provided that when James is obligated for support for only one child, he shall be entitled to the dependency exemption for that child. The court refused to award either party attorney fees.

Dana appealed. James cross-appealed.

On her appeal, Dana contended the district court erred when it reduced the child support and allowed James the dependency exemption. She also sought trial and appellate attorney fees.

In his cross-appeal, James complained because the district court failed to reduce the child support even further. James also

asked that the case be remanded for an order requiring Dana to sign Internal Revenue Service Form 8332 regarding the dependency exemption. In addition, James sought appellate attorney fees.

We transferred the case to the court of appeals. That court remanded for a hearing to allow the district court to consider the child support guidelines of September 29, 1989. The court of appeals did not retain jurisdiction. The court of appeals also awarded James the dependency exemption for the youngest child rather than the oldest child and ordered Dana to execute IRS Form 8332 in connection with that exemption. Finally, the court of appeals affirmed the district court's order that the parties pay their own trial attorney fees, denied either party appellate attorney fees, and assessed each party one-half the costs of the appeal.

Dana filed an application for further review, which we granted. She challenges the remand, arguing that the evidence falls short of establishing a substantial change in circumstances. She also seeks trial and appellate attorney fees.

Our recent decision in *In re Marriage of Bergfeld*, 465 N.W.2d 865 (Iowa 1991), requires us to focus on the following issue: whether the court of appeals correctly remanded for a hearing to allow the district court to consider the child support guidelines of September 29, 1989. We note that these guidelines would result in a lower amount of child support than the modification order provided.

Our review is de novo. Iowa R.App.P. 4. We are not bound by the district court's findings of fact, but we give them weight. Iowa R.App.P. 14(f)(7).

## II. *The Remand.*

In *Bergfeld* we set out the procedure the district court must follow when considering a request for modification of child support orders entered before October 12, 1989 pursuant to Iowa Code section 598.21. First, the district court must determine whether the party seeking modification has established

a substantial change in circumstances from the time the decree was entered making it equitable and just that different terms be fixed. A decree is not to be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions.

*Bergfeld*, 465 N.W.2d at 869 (quoting *Ellis v. Ellis*, 262 N.W.2d 265, 267 (Iowa 1978)). The changed circumstances must be

material and substantial, not trivial, more or less permanent or continuous, not temporary, and have to be such as were not within the knowledge or contemplation of the court when the decree was entered.

*Id.* at 870 (quoting *Mears v. Mears*, 213 N.W.2d 511, 515 (Iowa 1973)).

In making the determination whether such a change has been established, the district court does not consider the child support guidelines. *Id.* If the change in circumstances is established for reasons other than the child support guidelines, the court must proceed to consider the guidelines in making any change in the level of support. *Id.* And the guidelines the court must consider are those that became effective December 31, 1990. *Id.* at 871.

Here we are dealing with a child support order entered before October 12, 1989. Our first task, then, is to determine whether James has established a substantial change in circumstances. For reasons that follow we conclude he has not.

The factors the district court must consider in making the substantial change in circumstances determination are codified at Iowa Code section 598.21(8) (1989):

a. Changes in the employment, earning capacity, income or resources of a party.

b. Receipt by a party of an inheritance, pension or other gift.

c. Changes in the medical expenses of a party.

d. Changes in the number or needs of dependents of a party.

e. Changes in the physical or emotional health of a party.

f. Changes in the residence of a party.

g. Remarriage of a party.

h. Possible support of a party by another person.

i. Changes in the physical, emotional or educational needs of a child whose support is governed by the order.

j. Contempt by a party of existing orders of court.

k. Other factors the court determines to be relevant in an individual case.

The district court gave the following reasons for finding a substantial change in circumstances:

[T]here has been a material and substantial change in circumstances since the entry of the decree in that [Dana's] income has increased substantially from $230 net every two weeks to $894.40 net every two weeks.

[T]his change of circumstances would warrant a reduction in the child support amount payable by [James].

*See* Iowa Code § 598.21(8)(a). One glaring problem with this finding is that Dana is not presently netting $894.40 every two weeks. Rather, she is netting $684. The $894.40 figure the court refers to is Dana's present gross earnings every two weeks.

Since October 1980 Dana's net income has roughly tripled. Of course inflation over the same period has seriously eroded that increase. Dana's testimony that her expenses over the same period for the children have nearly quadrupled bears this out. *See Dworak v. Dworak*, 195 N.W.2d 740, 742 (Iowa 1972) (in considering modification of child support provision, court may consider inroads inflation has made upon purchasing power of dollar). In addition, Dana is experiencing some extraordinary expenses the average household does not experience. Presently her daughter is attending a parochial high school in Des Moines. The yearly cost for this amounts to about $1400. Her son has expressed a desire to attend the same school. *See* Iowa Code § 598.21(8)(d) and (i). In his testimony James not only expressed approval but encouraged such attendance.

We agree with Dana that her increase in income over the past decade—standing alone—does not constitute a substantial change in circumstances.

The district court rejected James' other reason to lower the child support: his decrease in income. We agree with the district court's determination on this point.

■ Generally, a modification should be granted if there has been a substantial lowering of earning power for a sustained period of time. *Gesmacher v. Gesmacher*, 247 Iowa 836, 840, 76 N.W.2d 790, 792 (1956); *see also* Iowa Code § 598.21(8)(a). This principle, however, does not apply when the inability to pay the child support is self-inflicted or voluntary. *Ellis*, 262 N.W.2d at 268; *Reed v. Reed*, 260 Iowa 1166, 1168, 152 N.W.2d 190, 191 (1967).

At the time the decree was entered James was aware of several important facts. He had one rather than two full-time jobs and incomes. He would have to pay the present amount of support amounting to $250 every two weeks on a reduced yearly gross income of $18,600 rather than a combined yearly gross of $33,100. Yet, as the district court noted, he took no steps to inform the dissolution court of this. We can only infer from this inaction that James believed he could meet the obligation on that reduced income.

Although the first drop in income was not self-inflicted, the second one was. Before quitting his postal carrier job in 1985 to complete his nursing education, James and Dana had a conversation about his quitting. The substance of that conversation was brought out in her direct testimony:

Q. Do you know the circumstances surrounding Mr. Dawson's voluntarily quitting at the post office? A. All I know is that he told us he was quitting his postal employment. I think at one time he mentioned he wanted to go into the army, and then there was something about a state trooper's job and then the Ankeny police force. Those were all mentioned. I did tell him at the time, I said, "Now, you understand I can't afford to take less child support?" And he

said at the time money won't be a problem and that was the end of the discussion.

In short, Dana made it crystal clear that she could not take less in child support. James made it equally clear that he understood and that money would not be a problem. Given the combined income of James and his wife, Lilly, we can understand why he said that. In 1984 James and Lilly together grossed $29,600; in 1985 they grossed $29,300; in 1986 they grossed $25,000; in 1987 they grossed $34,000; and in 1988 they grossed $35,000. Except for a $4300 drop in combined income in 1986— the year after this fateful decision—their combined income has risen steadily rather than decreased. Although Lilly has no obligation to support James' children, her income is certainly relevant to his over all financial condition on the change in circumstances issue. *See Page v. Page,* 219 N.W.2d 556, 558 (Iowa 1974); *see also* Iowa Code § 598.21(8)(g), (h).

James tries to mitigate the effect of the self-infliction rule. He argues that his present income from nursing is comparable to what he was making as a postal carrier when he quit in 1985. The short answer to this argument is that he would probably have been earning considerably more as a postal carrier than he now earns as a nursing assistant.

For all these reasons we fail to be convinced that enforcement of the child support provision in the decree would be attended by positive wrong or injustice because of a change in income of either party.

### III. *Tax Exemption.*

We agree with the court of appeals' decision regarding the dependency exemption. We order Dana to execute IRS Form 8332 in favor of James for the dependency exemption as to the youngest child. *See In re Marriage of Feustel,* 467 N.W.2d 261, 263 (Iowa 1991) (citing 26 U.S.C. § 152(e)(2), (3), and (4) (1988)) (court has authority to decide which parent is entitled to income tax dependency exemption; court exercises its authority by ordering custodial parent to execute IRS Form 8332); *see*

*also In re Marriage of Kerber,* 433 N.W.2d 53, 55 (Iowa App.1988). Dana shall have the exemption for the oldest child.

### IV. *Attorney Fees.*

We also agree with the court of appeals and the district court that neither party is entitled to trial attorney fees. In addition we agree with the court of appeals that neither party is entitled to appellate attorney fees. Both parties prevailed in some measure in this modification proceeding. *See* Iowa Code § 598.36 ("In a proceeding for the modification of an order or decree under this chapter, the court may award attorney fees to the prevailing party in an amount deemed reasonable by the court"). So we see no reason to award either party attorney fees.

### V. *Disposition.*

Because we find no substantial change in circumstances justifying lowering the child support, we vacate the decision of the court of appeals as to its remand order and reverse the judgment of the district court as to the decrease in child support.

We agree with the court of appeals' resolution of the dependency exemption issue and affirm its judgment on this issue. Because our resolution of the dependency exemption issue differs somewhat from the judgment of the district court, we modify its judgment on this issue.

In view of our holding on the trial attorney fees issue, we affirm the decision of the court of appeals and the judgment of the district court as to trial attorney fees. We also affirm the decision of the court of appeals as to appellate attorney fees.

Costs on appeal are assessed one-half to each party.

DECISION OF COURT OF APPEALS VACATED IN PART AND AFFIRMED IN PART; JUDGMENT OF THE DISTRICT COURT REVERSED IN PART AND AFFIRMED IN PART AS MODIFIED.