**In re the Marriage of Roger J. BLUM and Jane M. Blum**

**Upon the Petition of Roger J. Blum, Petitioner–Appellee,**

**And concerning Jane M. Blum, Respondent–Appellant.**

No. 93–1594.

Court of Appeals of Iowa.

Oct. 25, 1994.

Robert Kohorst of the Kohorst Law Firm, Harlan, for appellant.

J.C. Salvo and Richard Schenck of Salvo, Deren, Schenck & Lauterbach, P.C., Harlan, for appellee.

SACKETT, Judge.

Respondent-appellant Jane M. Blum appeals a trial court order modifying her dissolution decree to decrease the amount of child support petitioner-appellee Roger J. Blum is required to pay. We affirm.

Jane and Roger's marriage was dissolved in 1993. Jane was made primary caretaker of the parties' children born in 1983, 1986, and 1990. Roger was ordered to pay $475 a month child support. At the time of the dissolution, Roger was employed at Western Iowa Pork in Harlan. He had a net income of $275 a week or $1190 a month. Roger had worked at the plant nearly fifteen years, but lost his job when the plant closed in July 1993. A month later, Roger found a construction job in Harlan and his net monthly income was $635.

Roger filed an application to modify the dissolution decree to reduce his child support and, after a hearing, the trial court reduced it to $270 a month. The trial court found Roger's income decreased with the closing of the pork plant. The court made the following specific findings:

It is not disputed that both parties could enjoy greater income if they would relocate. But both enjoy their area of employment and wish to raise their children there. Both agree that the termination of Roger's employment at the pork plant was a major change of circumstances.

Jane recognizes Roger lost his job only because the plant closed, and he was not at fault. She contends Roger should find a similar job in a packing plant. The evidence is, to obtain such a job, Roger would have to leave Harlan and work in Omaha or Denison.

It is conceded Roger lost the job he had at the time of the dissolution through no fault of his own when the plant closed. He has gone to work at a lesser wage in the Harlan community. The question is whether the fact there may be more lucrative employment available for him in other communities means he has not shown the required change of circumstances.

█ Both parents have a legal obligation to support their children, not necessarily equally, but in accordance with his or her ability to pay. *See In re Marriage of Craig,* 462 N.W.2d 692, 693 (Iowa App.1990).

█ The child support guidelines the Iowa court has adopted are to be used in determining child support and may be adjusted if the court finds and rules, in writing, an adjustment is necessary to provide for the needs of the children and to prevent substantial injustice. *Iowa Dep't of Human Servs. ex rel. Gonzales v. Gable,* 474 N.W.2d 581, 582 (Iowa App.1991).

█ A reduction of income which is self-inflicted does not constitute grounds for modification. *In re Marriage of Van Doren,* 474 N.W.2d 583, 586 (Iowa App.1991). Roger was unemployed through no fault of his own and, although he has looked for a job, he has not been able to find a similar job in Harlan. He has taken a lesser paying job to stay in Harlan and be near the children. The children's need for support takes precedence over certain desires of parents. *See In re*

*Marriage of Weiss,* 496 N.W.2d 785, 789 (Iowa App.1992). There are times in life when children's needs must take precedence over parents' desires. *Id.* Roger's support obligation should be based on either his current income or on his current capacity to earn. *See Gonzales,* 474 N.W.2d at 583.

Roger has a valid reason for wanting to stay in Harlan. His children and friends are there. His refusal to move some distance to take a higher-paying job is not a self-inflicted or a voluntary reduction in salary. *See In re Marriage of Fidone,* 462 N.W.2d 710, 712 (Iowa App.1990). He is paying adequate support to his family and his living in Harlan allows him to be involved in his children's lives.

We affirm.

**AFFIRMED.**