# IN THE COURT OF APPEALS OF IOWA

No. 16-1664
Filed August 2, 2017

IN RE THE MARRIAGE OF SHANEE RAY KNUST
AND KEVIN LESTER KNUST

Upon the Petition of
**SHANEE RAY KNUST,**
     Petitioner-Appellant,

**And Concerning
KEVIN LESTER KNUST,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lucas County, Dustria A. Relph, Judge.

The mother appeals from the district court's order temporarily reducing the monthly child support owed by the father. **AFFIRMED.**

Alan M. Wilson of Miles Law Firm, Corydon, for appellant.

Jenna K. Lain of The Law Office of Jenna K. Lain, P.L.L.C., Corydon, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Shanee Knust appeals from the district court's order temporarily reducing the amount of monthly child support owed by the father, Kevin Knust. Shanee maintains the district court was wrong to decrease Kevin's child support obligation after he was transferred to a lower paying job as a result of his conviction for operating while intoxicated. Kevin's annual salary decreased from approximately $93,000 to $51,688. Shanee claims the court should not have modified his obligation based on his lower salary because his inability to pay the higher amount is self-inflicted and the result of his voluntary conduct of driving while drunk. *See In re Marriage of McKenzie*, 709 N.W.2d 528, 533 (Iowa 2006) ("One of the factors we consider in determining if we will use a parent's earning capacity, rather than a parent's actual earnings, in order to meet the needs of the children and do justice between the parties is whether the parent's inability to earn a greater income is self-inflicted or voluntary."). Our scope of review of a child support modification action is de novo. *In re Marriage of Walters*, 575 N.W.2d 739, 740 (Iowa 1998).

A parent is not free to make choices without regard to his or her obligation to their children. *See McKenzie*, 709 N.W.2d at 534. However, modification is not denied in all cases when the noncustodial parent's income decreases. *See, e.g.*, *Walters,* 575 N.W.2d at 741 (finding a noncustodial parent's reduction in income and earning capacity that was the result of his voluntarily criminal activity was not done with an improper intent to deprive his children of support); *In re Marriage of Foley*, 501 N.W.2d 497, 500 (Iowa 1993) (finding that an obligor's reduction in income due to termination of employment for insubordination was

not voluntary or self-inflicted); *Boquette v. Boquette*, 247 N.W. 255, 256 (Iowa 1933) (determining an obligor's demotion with resulting lower salary justified reduction of support obligation); *Nicolls v. Nicolls*, 235 N.W. 288, 289 (Iowa 1931) (finding the discharge from employment and inability to obtain a job with comparable pay justified reduction of support obligation); *In re Marriage of Blum*, 526 N.W.2d 164, 166 (Iowa Ct. App.1994) (finding where the noncustodial parent lost his job in Harlan, Iowa, and refused to move to Denison to take a higher paying job as he wanted to stay in Harlan where his children lived was not considered a self-inflicted or a voluntary reduction in salary); *In re Marriage of Drury*, 475 N.W.2d 668, 672 (Iowa Ct. App.1991) (finding an honorable discharge from military and concomitant loss of military pay for failure to comply with weight limits was not voluntary or self-inflicted); *In re Marriage of Fidone*, 462 N.W.2d 710, 712 (Iowa Ct. App.1990) (holding a noncustodial parent's refusal to accept relocation as an alternative to discharge did not constitute a self-inflicted reduction in salary for purposes of determining whether child support provisions of divorce decree should be modified; where relocation would involve move of 1200 miles, there was a possibility of further layoffs at new location, and he wanted to remain close to his family).

Even though Kevin's current financial status is a result of his voluntary criminal action, "some consideration of his earning capacity and ability to pay is necessary." *Walters*, 575 N.W.2d at 743. Kevin's "reduction in income and earning capacity is the result of his criminal activity which, although voluntary,

was not done with an improper intent to deprive his children of support."[1] *Id.* While the reduction of support "will impact the parties' children, we must base our decision on reality rather than an unattainable utopia." *Id.*

Kevin's decision to drive while intoxicated "does not qualify as a self-inflicted or voluntary reduction of income that would justify using his former salary in setting child support payments." *Foley*, 501 N.W.2d at 500. We believe this situation is similar to those cited above, where our court and the supreme court has refused to continue child support at a level that has become unrealistic as a result of a parent's actions. Consequently, we affirm the district court's temporary modification of Kevin's child support obligation.

**AFFIRMED.**

---

[1] In its ruling, the district court stated, "Both [parties] also seem to acknowledge that [Kevin] did not have an improper intent to deprive his children." In Shanee's appellate brief, she claims Kevin "clearly acted in reckless disregard for his children's well-being"; she does not maintain Kevin had an improper motive for his action.