# IN THE COURT OF APPEALS OF IOWA

No. 18-0458
Filed February 6, 2019

IN RE THE MARRIAGE OF CASSIDEE SLIGER
AND JOSEPH SLIGER

Upon the Petition of
**CASSIDEE SLIGER, n/k/a CASSIDEE PARKS,**
    Petitioner-Appellee,

**And Concerning**
**JOSEPH SLIGER,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

The father appeals the denial of his petition to modify his child-support obligation. **REVERSED AND REMANDED.**

Mark Simons of Simons Law Firm, PLC, West Des Moines, for appellant.

Benjamin Folladori of Marberry Law Firm, PC, Urbandale, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Joseph Sliger appeals from the district court's denial of his petition to modify his child-support obligation, arguing his reduction in income since the entry of the 2016 decree dissolving his marriage to Cassidee Sliger (now known as Cassidee Parks) entitles him to a reduction pursuant to Iowa Code section 598.21C(2) (2017). John asserts his reduction in income was not voluntary and the court was wrong to deny him relief. *See In re Marriage of McKenzie*, 709 N.W.2d 528, 533 (Iowa 2006) ("One of the factors we consider in determining if we will use a parent's earning capacity, rather than a parent's actual earnings, in order to meet the needs of the children and do justice between the parties is whether the parent's inability to earn a greater income is self-inflicted or voluntary."). Cassidee asks that we affirm the district court's ruling and award her appellate attorney fees.

We review a child-support modification action de novo. *Id.* at 531. "Although we give weight to the findings of fact made by the district court, especially as to the credibility of witness, we are not bound by those findings." *Id.*

***Modification.*** As part of the parties' stipulated dissolution decree, Joseph's child-support obligation was calculated at $800 per month—based upon his annual income of approximately $42,000 and imputing income of $28,000 to Cassidee. Then in October 2017,[1] Joseph, who had worked as a detention officer at a local jail for a number of years, got into a verbal altercation with an inmate. During the altercation, Joseph removed his shirt and suggested he and the inmate fight. As

---

[1] Joseph's change in employment took place after he filed the petition to modify. At the trial on the petition, Joseph' verbally moved to amend the petition to include the change in employment as a ground for modification, Cassidee did not object and the district court granted the motion.

a result of the incident, Joseph's boss recommended he be fired. Joseph appealed the recommendation, but the sheriff determined Joseph did not have the temperament to work as a detention officer. Joseph was given the option to submit his resignation in lieu of termination, and he did so. Within a few days, Joseph began working at a private landscaping company, where he earns $12 per hour; the work is seasonal. At the trial on the petition to modify, Joseph testified he expects his new annual income to be $24,888, including the unemployment benefits he receives during the off-season.

The district court denied Joseph's request to modify his child-support obligation, noting that while Joseph now earns much less than he earned before, "Joseph's voluntary acts taken during the course of his prior employment are an impediment to modification. His children's need for sufficient support is unabated, and Joseph remains responsible for that support." In reaching this conclusion, the court stated:

> Joseph's resignation from the position in question was a direct result of his elective on-the-job conduct. Joseph may not have intended to deprive his children of support. But his elective conduct that led to his resignation evidences a reckless disregard by Joseph for his children's well-being because he failed to consider the monetary consequences of his actions.

The court is to consider whether a parent's reduction in income is voluntary. *See, e.g.*, *In re Marriage of Foley*, 501 N.W.2d 497, 500 (Iowa 1993). Moreover, a parent is not free to make choices without regard to his or her obligation to their children. *See McKenzie*, 709 N.W.2d at 534. But modification is not denied in all cases when the noncustodial parent's income decreases. *See, e.g.*, *In re Marriage Walters*, 575 N.W.2d 739, 741 (Iowa 1998) (finding a noncustodial parent's

reduction in income and earning capacity that was the result of his voluntarily criminal activity was not done with an improper intent to deprive his children of support); *Foley*, 501 N.W.2d at 500 (finding that an obligor's reduction in income due to termination of employment for insubordination was not voluntary or self-inflicted); *Boquette v. Boquette*, 247 N.W. 255, 256 (Iowa 1933) (determining an obligor's demotion with resulting lower salary justified reduction of support obligation); *Nicolls v. Nicolls*, 235 N.W. 288, 289 (Iowa 1931) (finding the discharge from employment and inability to obtain a job with comparable pay justified reduction of support obligation); *In re Marriage of Hackett*, No. 17-1051, 2018 WL 2727757, at *5–6 (Iowa Ct. App. June 6, 2018) (finding the district court erred in refusing to modify child-support obligation after father was terminated from his employment for continued misuse of the company credit card after being warned by his employer and where father now earned approximately half of his former salary); *In re Marriage of Knust*, No. 16-1664, 2017 WL 3283301, at *1–2 (Iowa Ct. App. Aug. 2, 2017) (concluding the father's decision to drive while intoxicated, which resulted in his transfer to a lower paying job, did not qualify as a self-inflicted or voluntary reduction of income that prevented the reduction of his child-support obligation); *In re Marriage of Blum*, 526 N.W.2d 164, 166 (Iowa Ct. App.1994) (finding the reduction in income was not self-inflicted or voluntary where the noncustodial parent lost his job in Harlan, Iowa, and refused to move to Denison to take a higher paying job as he wanted to stay in Harlan where his children lived); *In re Marriage of Drury*, 475 N.W.2d 668, 672 (Iowa Ct. App.1991) (finding an honorable discharge from military and concomitant loss of military pay for failure to comply with weight limits was not voluntary or self-inflicted); *In re Marriage of*

*Fidone*, 462 N.W.2d 710, 712 (Iowa Ct. App.1990) (holding a noncustodial parent's refusal to accept relocation as an alternative to discharge did not constitute a self-inflicted reduction in salary for purposes of determining whether child support provisions of divorce decree should be modified; where relocation would involve move of 1200 miles, there was a possibility of further layoffs at new location, and he wanted to remain close to his family).

We believe this situation is similar to those cited above, where our court and the supreme court have refused to continue child support at a level that has become unrealistic as a result of a parent's actions. Nothing in the record supports a finding Joseph undertook his actions with the intent to deprive his children of support. And though Joseph's current financial status is a result of his voluntary actions, some consideration of ability to pay is necessary. *See Walters*, 575 N.W.2d at 743 ("While we realize our decision to reduce [the parent's] support obligation will impact the parties' children, we must base our decision on reality rather than an unattainable utopia.").

We conclude Joseph's altercation with the inmate "does not qualify as a self-inflicted or voluntary reduction of income that would justify using his former salary in setting child support payments." *Foley*, 501 N.W.2d at 500. Consequently, we reverse the district court's denial of Joseph's petition to modify his child-support obligation. We remand for the obligation to be recalculated using the parties' current incomes.[2]

---

[2] We note that Cassidee encouraged the court to use imputed income for both her and Joseph rather than either of their actual incomes. Pursuant to Iowa Court Rule 9.11(4), "The court shall not impute income unless a written determination is made that, if actual

***Appellate Attorney Fees.*** Cassidee asks that we award her appellate attorney fees, which is within our discretion. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). "Factors to be considered in determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (citation omitted).

While Joseph earns more than Cassidee does, he has also been successful on appeal. We decline to award Cassidee appellate attorney fees.

**REVERSED AND REMANDED.**

---

earnings were used, substantial injustice would occur or adjustments would be necessary to provide for the needs of the child(ren) or to do justice between the parties."