In re the **MARRIAGE OF** James A. **PASSICK** and Doris M. Passick.

Upon the Petition of James A. Passick, Petitioner-Appellee,

And Concerning

Doris M. Passick, Respondent-Appellant.

No. 84–1154.

Court of Appeals of Iowa.

Aug. 29, 1985.

Thomas J. Bice and James L. Kramer of Johnson, Erb, Latham, Gibb & Carlson, Fort Dodge, for respondent-appellant.

David A. Opheim of Kersten, Opheim & Carlson, Fort Dodge, for petitioner-appellee.

Considered by OXBERGER, C.J., and SNELL, and HAYDEN, JJ.

HAYDEN, Judge.

Respondent wife appeals from economic provisions of the parties' dissolution decree, asserting: (1) that the award of alimony was inequitable; (2) that she should be awarded an additional $26,000 when she reaches 65 or her husband sells his chiropractic practice; and (3) that she should be awarded additional trial attorney fees and attorney fees on appeal. We affirm as modified.

James and Doris Passick were married in 1952; at the time the decree of dissolution was entered they were 54 years old and 53 years old respectively.

During the course of the marriage James completed his education and purchased a chiropractic practice. Funds inherited by Doris were used to retire the debt. Doris has a two-year college degree and taught school for seven years before becoming a full-time homemaker and mother to the parties' four children. At the time of the trial she was employed as a school library aide earning a gross income of $5,558 per year. James's chiropractic practice operated a gross income of approximately $77,000 in 1983 offset by claimed expenses of approximately $40,000. The parties completed bankruptcy proceedings in 1973.

Doris was awarded custody of the minor child, a daughter age eleven, together with child support of $300 per month, alimony of $200 per month, and attorney's fees of $1,238.25. She was also awarded a 1982 Chevrolet, various items of personal property including household goods, possession of the parties' home pending completion of an anticipated foreclosure, and lump sum of $7,500 payable one-half within six months and one-half within a year. James received personal property within his possession, a 1978 Oldsmobile, country club stock valued at $700, and his chiropractic practice and its assets. Doris has appealed from this determination.

Our review of this proceeding is de novo. Iowa R.App.P. 4. We give weight to the findings of the trial court although we are not bound by them. Iowa R.App.P. 14(f)(7).

## I.

■ Doris first argues that the alimony is inadequate and will not allow her to maintain the standard of living to which she is accustom. In considering the fairness of the alimony provision, we look to the factors listed in Iowa Code section 598.-21(3). In doing so, we conclude that the alimony award should be increased.

■ Doris has a net income of approximately $400 per month after taxes. This, coupled with child support and alimony payments, would give her $900 per month

for living expenses. This amount would not allow her to meet claimed expenses of approximately $1,410 per month (excluding personal taxes); nor is it reflective of the comfortable lifestyle that James and Doris enjoyed during their twenty-one year marriage. Furthermore, Doris will be unable to complete the college education she wishes to pursue in order to increase her earning capacity. In light of the length of the marriage, Doris's contribution of homemaking services, and her assistance with her husband's practice, it appears inequitable to require Doris to live on such a modest amount.

We also believe James has the ability to pay more alimony. The trial court determined that James has a net disposable income of approximately $30,000 per year or $2,500 per month. We are inclined to agree with Doris that this estimate is conservative. James claimed over $40,000 worth of business expenses for 1983, including $4,591 for travel and seminars and $2,982 for automobile expenses. We do not believe the record is sufficient to support Doris's claim that these two expenses are entirely discretionary. Yet, in the same respect, James has not demonstrated that the success of his chiropractic business necessitates such large expenditures on travel and his automobile. Thus, although it would be difficult to ascertain a precise figure, in all likelihood, James's disposable income is somewhat more than $2,500 per month.

After weighing the competing considerations, we modify the alimony provision of the decree as follows. James shall pay as alimony the sum of $700 per month for four years, retroactive to the date of the decree. Thereafter, he shall pay $200 per month in alimony until Doris remarries or either party dies, at which time said payments shall cease. The increase in alimony for four years will allow Doris sufficient time to complete her education and obtain gainful employment. We believe the modified award strikes a proper balance between Doris's needs and James's ability to pay.

## II.

Doris also argues that the property award should be modified to provide her with an additional award of $25,000 when she reaches 65 or when James sells his practice. She claims that her husband should not be entitled to retain the entire value of his practice since a portion of her $17,000 inheritance was used to pay the purchase price of the clinic.

The record reflects that approximately $6,000 of the inheritance was used to purchase the clinic. While Doris is entitled to this amount, the remainder of the inheritance was lost when the parties went through bankruptcy proceedings. Consequently, it would be inequitable to set off the entire $17,000. However, in recognition of her financial contribution to her husband's business, we modify the property division and award Doris an additional $6,000. James may pay this additional amount at the rate of $1,000 per year on or before December 31 of each year; interest will accumulate at 10 percent per annum on the unpaid balance. The property settlement is affirmed in all other respects.

## III.

The remaining issue before this court concerns attorney fees. Doris requests trial attorney fees in addition to the $1,238.25 awarded by the trial court; she also requests appellate attorney fees. Without attempting to fix the total value of services, we affirm the award of trial attorney fees and further hold that James shall pay an additional $500 to apply to Doris's appellate attorney fees.

AFFIRMED AS MODIFIED.