In re the **MARRIAGE OF Karen M. WEISS and Jerry D. Weiss.**

Upon the Petition of Karen M. Weiss, **Petitioner–Appellant/Cross– Appellee,**

**And Concerning Jerry D. Weiss, Respondent–Appellee/Cross– Appellant.**

**No. 91–1926.**

Court of Appeals of Iowa.

Dec. 29, 1992.

Steven T. Roth, Storm Lake, for appellant.

Corwin Ritchie, Storm Lake, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Petitioner-appellant Karen M. Weiss appeals and respondent-appellee Jerry D. Weiss cross-appeals challenging the economic provision the trial court made in their dissolution decree. We affirm.

Karen and Jerry are in their mid-forties. They were married in 1966. They had two daughters, one a graduate of the University of Iowa who is an adult, and the second child, Kristin, was seventeen years old at the time of trial and a senior in high school.

Karen is a certified laboratory technician and has, in addition, earned sixty hours of college credit. She is employable as a technician at a salary of approximately $20,000 a year. However, Karen plans to earn a B.A. degree from Briar Cliff College in Sioux City and then obtain an M.A. degree from the University of Nebraska in Omaha. Upon completing this education, she intends to get a job as a social worker with pay comparable to what she could earn as a laboratory technician. Karen has been employed outside the home at a variety of jobs throughout the marriage. At the time of trial, Karen was drawing unemployment insurance. She allegedly suffers mental problems because of abuse she received as a child. Karen contends she needs continued psychiatric care at a cost for treatment and transportation of over $150 weekly. She also has been treated for cancerous bladder tumors and requires continual

checkups. There is no evidence either of these conditions make her unemployable.

Jerry has an M.A. degree. He obtained his M.A. degree and his B.A. degree during the marriage. Jerry works full time in the Extension Service for Iowa State University. Jerry worked full time while getting his education except for a period of about one and one-half years when he worked twenty to thirty hours a week.

Jerry has a monthly wage before tax deductions of $3,500. Jerry is able to purchase dental and medical insurance for $107 monthly.

Net equities of about $70,000 accumulated by the parties during marriage were divided equally between the parties. Karen had set off to her a one-sixth remainder interest subject to her 80–year–old mother's life estate in eighty acres of Webster County farmland, and Jerry had set off to him an undivided one-fourth interest in rental property in Fort Dodge. The net result of the property division is that Karen, with her gifted and inherited property, received about $60,000, and Jerry, with his inherited and gifted property received about $46,000. Neither party challenges the property division.

Karen was awarded alimony of $500 a month until August 1992 and $350 a month for thirty-six months thereafter. The alimony was not awarded in the original decree, but was awarded in a supplemental decree entered following the filing of a 179(b) motion.

Karen also was ordered to pay child support of $50 a month for the younger daughter, Kristin, who was placed in her father's physical care.

Karen first contends the alimony award was not adequate. Karen's position is the treatment she needs because of abuse as a child; the fact she can only purchase health insurance under Jerry's contract for thirty-six months; the fact she wants to obtain a B.A. degree and M.A. degree; the fact Jerry obtained education during the marriage; and the fact Jerry's income is in excess of hers, are factors that make the alimony award unjustified.

Karen also claims Jerry has overstated his living expenses, and Jerry contends Karen has overstated her living expenses. We have given little consideration to each parties' claimed living expenses. In assessing alimony awards, we look primarily at the available income and the parties' needs, not what they choose to spend for living expenses. We do, however, give special consideration to the approximately $150 a week Karen incurs for weekly psychotherapy as it is not a usual expense.

Jerry argues Karen refuses to obtain employment that is available to her, rather, she is seeking to embark on further education. He also advances she has an extended history of involvement with many counselors but has no medical or mental incapacity that precludes her from being employed. He contends she could, with minimal effort, be self-sufficient and has training in areas where jobs are available. Jerry advances Karen will not take jobs as a clinical laboratory assistant despite being qualified to do so, nor will she take employment as a sign language interpreter when she is trained and experienced in that area. Jerry says the evidence shows Karen's present earning capacity is greater than her earning capacity would be in the future with a Master's degree.

Jerry also points out that following the parties' separation, he provided educational expenses for the older daughter at the University of Iowa and used a portion of his inheritance for this purpose. Jerry says Karen has not provided for either child's education or support since the separation.

■■■ Spousal support is provided for under Iowa Code section 598.21(3). Whether spousal support is justified is dependent on the facts of each case. *See In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). In assessing a claim for alimony we consider the property division and alimony together in determining their sufficiency. *See In re Marriage of Lattig*, 318 N.W.2d 811, 815 (Iowa App.1982). Entitlement to spousal support is not an absolute right. *In re Marriage of McFarland*, 239 N.W.2d 175, 179 (Iowa 1976). An alimony award is justified when the distribution of the assets of the marriage does not equalize the inequities and economic disadvantages suffered in marriage by the party

seeking the alimony who also has a need for support.

In assessing Karen's claim we look at all the factors of section 598.21(3). We give particular consideration to the education the parties received during marriage. *See In re Marriage of Francis,* 442 N.W.2d 59, 62 (Iowa 1989); *In re Marriage of Janssen,* 348 N.W.2d 251, 253–54 (Iowa 1984); *In re Marriage of Passick,* 375 N.W.2d 284, 286 (Iowa App.1985). Jerry obtained substantial education during marriage. However, during almost the entire period he obtained the education, he remained the family's primary wage earner. While Jerry's education expenses were paid out of joint funds, there is no evidence Karen made extreme sacrifices to assist him in obtaining his education. This clearly distinguishes this case from *In re Marriage of Horstmann,* 263 N.W.2d 885 (Iowa 1978); *Janssen,* and *Francis.*

Karen during the marriage has obtained education and has held employment outside the home. She has accumulated F.I.C.A. coverage in her own right, though her contributions have been less than Jerry's, and he will have greater retirement benefits. *See In re Marriage of Miller,* 475 N.W.2d 675, 677 (Iowa App.1991).

Karen emphasizes she should have alimony because she wishes education to make a career change and should have rehabilitative alimony. The trial court rejected Karen's claim for rehabilitative alimony. The trial court found Karen is trained and certified as a laboratory assistant and the demand for persons with her training are greater than the supply and, with on-the-job training, Karen could in six months be making as much or more money than she would if she completes the education she wants Jerry to help her obtain. In rejecting Karen's claim for rehabilitative alimony, the trial court also gave higher priority to Kristin's education than it did to Karen's desire for education in a different field.

The question is, does a desire to change careers justify awarding rehabilitative alimony where there is no showing the additional education will result in more lucrative employment while there is evidence the applicant can find work in her current profession and is capable of practicing her current profession. An award of rehabilitative alimony is not justified under this record. We note, too, Karen has money from her share of the property division to finance her education. *See In re Marriage of Schissel,* 292 N.W.2d 421, 428 (Iowa 1980). Karen's property award was greater than Jerry's because she had more inherited and gifted property. We consider the availability of inherited or gifted property in assessing the need for alimony. *See In re Marriage of Voss,* 396 N.W.2d 801, 804 (Iowa App.1986).

The alimony award made by the trial court is equitable and it is affirmed. On cross-appeal Jerry contends the trial court improperly enlarged and amended its decree to award alimony in a supplemental decree and failed to provide adequate reasons for awarding the alimony. Because on our de novo review we agree with the trial court's ultimate decision on the alimony issue, we find it unnecessary to address Jerry's challenge to the procedure the trial court followed in awarding alimony. The controlling issue on appeal is the correctness of the award. *See In re Marriage of Miller,* 390 N.W.2d 596, 599 (Iowa 1986).

Karen's next contention is she should not be required to pay child support. The trial court ordered Karen to pay child support for Kristin in the amount of $50 per month as long as Kristin qualifies as a student under Iowa Code section 598.1(2) with the support terminating when Kristin obtains her college degree or with the payment due July 1996, whichever is sooner.

Considering Karen's earning potential of $20,000 annually, when coupled with the alimony Karen is to receive, the award of child support for her seventeen-year-old daughter, Kristin, was very modest. Both parents have an obligation to support their children, not necessarily equally but in accordance with their ability to pay.

Additionally, section 598.1(2) imposes an obligation on divorced parents toward their adult offspring to support them while they are attending college as long as they are not married and have not yet reached their twenty-second birthday. *See In re Marriage of Lieberman,* 426 N.W.2d 683, 685

(Iowa App.1988). No corresponding statutory obligation is imposed on married parents of adult students. *In re Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa App. 1984). Support is not required in all cases. *See In re Marriage of Vrban*, 293 N.W.2d 198, 203 (Iowa 1980); *Byall*, 353 N.W.2d at 107. The duty can extend to both parents. *Lieberman*, 426 N.W.2d at 685. Kristin is an honor student. She has the ability to do college work, is under the age of twenty years, unmarried, and she is not self-sustaining. Additionally, both parents have the ability to contribute to Kristin's support. *See Vrban*, 293 N.W.2d at 203; *Byall*, 353 N.W.2d at 107.

We also note, as does the trial court, an important responsibility for both parents at present is that their younger daughter, a honor student, in an Iowa high school be assisted in obtaining her college education. This is an obligation of both her mother and her father. While the trial court did not impose an obligation for college expenses on Jerry, he paid most of the college expenses of the older daughter, even dipping into his inheritance to do so. Jerry was named Kristin's custodial parent, and the record would support a finding he intends to pay college expenses for Kristin as he did for her older sister. We recognize the contribution Karen is required to make toward Kristin's college education is very modest. We recognize, as did the trial court, Karen has an obligation to assist her daughter in obtaining an education and her daughter's need for higher education takes precedence over Karen's desire to obtain further education to change jobs. We treat Karen no differently than we would treat Jerry if he were seeking more education to change jobs. There are times in life when a child's needs must take precedence over parents' desires. We affirm the child support award.

Each party shall be responsible for his or her own attorney fees. Costs on appeal are taxed one-half to each party.

AFFIRMED.