**In re the MARRIAGE OF Marilyn SYCHRA and Richard L. Sychra.**

**Upon the Petition of Marilyn Sychra, Petitioner–Appellant,**

**And Concerning Richard L. Sychra, Respondent–Appellee.**

No. 95–0243.

Court of Appeals of Iowa.

July 26, 1996.

Susan L. Ekstrom, Des Moines, for petitioner–appellant.

A. Zane Blessum of Blessum Law Firm, Winterset, for respondent–appellee.

Considered by SACKETT, C.J., and HABHAB and HUITINK, JJ.

SACKETT, Chief Judge.

Petitioner-appellant Marilyn Sychra appeals from the provisions of the parties' dissolution decree. She contends the district court erred in: (1) failing to award her permanent alimony; (2) delaying receipt of her share of the homestead's equity; and (3) failing to award her certain personal property. Marilyn requests appellate attorney fees. We affirm as modified.

Marilyn and Richard Sychra's twenty-four-year marriage was dissolved in January 1995. The district court awarded Richard primary care of the parties' child, Carol, born August 12, 1977. Marilyn was ordered to pay child support. Richard was awarded the parties' homestead. Marilyn was awarded a judgment lien of $27,100 on the homestead to be payable on Carol's marriage, graduation from college, reaching twenty-two years of age, or otherwise becoming self-supporting. Marilyn received other property, including a portion of Richard's retirement. Richard was ordered to pay Marilyn rehabilitative alimony in the amount of $250 per month until October 1996.

Marilyn first contends the trial court should have awarded her $1500 per month alimony. She contends the length of the marriage, the time she was out of the work force to care for their child, her physical condition, her inability to become self-supporting at the standard of living she enjoyed during the marriage, and the disparity in her income and retirement security support the award.

Richard contends Marilyn should not have additional alimony. He points to the fact Marilyn had a Bachelor of Arts degree before the marriage and received an Associate of Arts degree plus a private investigator's license during the marriage. He contends Marilyn has over-emphasized her alleged physical problems and she works twenty-five

to fifty hours per week on a hobby. He contends she has worked outside the home since their child was five years old and has had successful jobs.

 Spousal support is provided for under Iowa Code section 598.21(3). Whether spousal support is justified is dependent on the facts of each case. *See In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). In assessing a claim for alimony, we consider the property division and alimony together in determining their sufficiency. *See In re Marriage of Lattig,* 318 N.W.2d 811, 815 (Iowa App.1982). Entitlement to spousal support is not an absolute right. *In re Marriage of McFarland,* 239 N.W.2d 175, 179 (Iowa 1976). An alimony award is justified when the distribution of the assets of the marriage does not equalize the inequities and economic disadvantages suffered in marriage by the party seeking the alimony who also has a need for support. *In re Marriage of Weiss,* 496 N.W.2d 785, 787–88 (Iowa App. 1992).

 In assessing Marilyn's claim, we look at all the factors of section 598.21(3). We give consideration to the education she received during the marriage. *See In re Marriage of Francis,* 442 N.W.2d 59, 62 (Iowa 1989); *In re Marriage of Janssen,* 348 N.W.2d 251, 253–54 (Iowa 1984); *In re Marriage of Passick,* 375 N.W.2d 284, 286 (Iowa App.1985). During the marriage Marilyn has obtained education and has held employment outside the home. She has accumulated F.I.C.A. coverage in her own right, though her contributions have been less than Richard's and he will have greater retirement benefits. *See In re Marriage of Miller,* 475 N.W.2d 675, 677 (Iowa App.1991). We find no reason to depart from the trial court's finding on this issue.

 Marilyn next claims her lien on the home where the parties lived during the marriage should be paid immediately. She contends there is no reason to postpone the payment until Carol's marriage, graduation from college, reaching twenty-two years of age, or being otherwise self-supporting.

Frequently, payment of equity in a homestead to the non-custodial parent is postponed until the child or children graduate

from high school to assure that the children have the stability of remaining there. *See In re Marriage of Willcoxson*, 250 N.W.2d 425 (Iowa 1977); *In re Marriage of Florke*, 270 N.W.2d 643 (Iowa 1978). Richard is of the opinion, because Carol may attend college in Iowa, his home should continue to be available to her and this justifies his postponing payment to Marilyn of her equity in the home until after Carol's graduation from college.

The decree provides in accordance with their respective incomes the parties shall contribute to Carol's education beyond high school. The decree further provides if Carol attends a local college and remains in the family home, Marilyn's original child support obligation shall continue but no longer than until Carol reaches her twenty-second birthday or ceases to be a full-time student.

We addressed a similar issue in *In re Marriage of Byall*, 353 N.W.2d 103 (Iowa App.1984). In *Byall*, the mother (Carolyn) was contending she need not contribute to the college expense of the sons of the marriage who would be attending Iowa State University. In rejecting her argument, we said:

> We find no basis in the record to support Carolyn's argument that the maintenance of her home as a "home base" is necessary for support of the boys.

*Id* at 109.

There is no basis to extend payment of a lien on a homestead beyond a child's high school graduation. We modify to provide that Marilyn's lien shall be due within ninety days of Carol's high school graduation or ninety days after procedendo issues, whichever event is later.

Marilyn also contends certain personal items should have been awarded to her. We find no reason not to affirm the trial court on this issue.

We award no appellate attorney fees. Costs on appeal shall be paid one-half by Marilyn and one-half by Richard.

**AFFIRMED AS MODIFIED.**